George A. Davidson
Alexander W. Bogdan
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004
(212) 837-6000
davidson@hugheshubbard.com
bogdan@hugheshubbard.com

Attorneys for Defendant Vassar College

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

XIAOLU "PETER" YU,

Plaintiff,

-against-

VASSAR COLLEGE,

Defendant.

13-CV-4373 (HB) (MD)

**ANSWER**

Defendant Vassar College ("Vassar") by and through its attorneys, Hughes Hubbard & Reed LLP, answers the Complaint as follows:

## THE NATURE OF THIS ACTION

1. Denies the allegations contained in Paragraph 1 of the Complaint, except admits that Vassar found Plaintiff guilty of sexual misconduct in having nonconsensual sex with Ms. Walker and expelled Plaintiff.

2. Denies the allegations contained in Paragraph 2 of the Complaint, except admits that Vassar found Plaintiff guilty of sexual misconduct. Vassar avers that it followed its written procedures with respect to the Interpersonal Violence Panel hearing on the charges against Plaintiff and Plaintiff's subsequent appeal to the College Regulations Appeals Committee.

3. Denies the allegations contained in Paragraph 3 of the Complaint, except admits that Plaintiff's student visa sponsored by Vassar has been terminated.

**THE PARTIES**

4. Denies the allegations contained in Paragraph 4 of the Complaint, except admits that Plaintiff is a non-citizen of the United States who was a student at Vassar residing on campus during the events described in the Complaint.

5. Admits the allegations contained in Paragraph 5 of the Complaint.

6. States that no responsive pleading is required as to Paragraph 6 of the Complaint.

**JURISDICTION AND VENUE**

7. Admits the allegations contained in Paragraph 7 of the Complaint, except denies that Plaintiff and Vassar are citizens of different states.

8. Admits the allegations contained in Paragraph 8 of the Complaint.

9. Admits the allegations contained in Paragraph 9 of the Complaint.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

10. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, except admits that Plaintiff is a citizen of Dalian, China.

11. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, except admits that Plaintiff attended high school in Connecticut, had a 4.19 grade point average in his senior year, received a number of scholastic awards in high school, and scored in the 98% percentile on the SAT.

13. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, except admits that Plaintiff obtained five (5) advanced placement credits in microeconomics, macroeconomics, physics mechanics, physics electronics and calculus, and obtained four (4) advanced placement credits in chemistry and biology. Vassar avers that Vassar granted Plaintiff four units of advanced placement credit and Plaintiff entered Vassar as a freshman.

14. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, except admits that Plaintiff was admitted to Vassar.

15. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, except admits that Plaintiff began classes at Vassar for the 2011-2012 academic year.

16. Admits the allegations contained in Paragraph 16 of the Complaint.

17. Admits the allegations contained in Paragraph 17 of the Complaint.

18. Admits the allegations contained in Paragraph 18 of the Complaint and avers that Plaintiff supplied the emphasis to the excerpt from the Mission Statement.

19. Admits the allegations contained in Paragraph 19 of the Complaint and avers that Plaintiff supplied the emphasis to the excerpt from the Vassar College Student Handbook.

20. Admits the allegations contained in Paragraph 20 of the Complaint.

21. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, except admits that Plaintiff

was a member of the Vassar College rowing team, and avers that rowing was a club sport at Vassar.

23. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24. Admits the allegations contained in Paragraph 24 of the Complaint.

25. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, except denies that Ms. Walker demonstrated romantic interest in Plaintiff.

26. Admits the allegations contained in Paragraph 26 of the Complaint.

27. Admits the allegations contained in Paragraph 27 of the Complaint. Vassar avers that during its investigation of Ms. Walker's complaint against Plaintiff, Ms. Walker stated that she was drinking spiked punch at the party and became intoxicated.

28. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint, except admits that Plaintiff and Ms. Walker left the party together and walked to The Mug. Vassar avers that during its investigation of Ms. Walker's complaint against Plaintiff, Ms. Walker stated that she was so intoxicated that she does not remember leaving the party with Plaintiff.

29. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint, except denies that Ms. Walker agreed to leave The Mug to have sex with Plaintiff. Vassar avers that during its investigation of Ms. Walker's complaint against Plaintiff, Ms. Walker stated that she has no memory of her time with Plaintiff at The Mug.

30. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and avers that during Vassar's investigation of Ms. Walker's complaint against Plaintiff, two witnesses (Ms. Cooley and Ms. Gustafson) stated that they had observed Ms. Walker and Plaintiff walking after leaving The Mug and that Ms. Walker was stumbling, obviously intoxicated, and had to hang on to Plaintiff in order to walk. Vassar further avers that during the investigation, Ms. Walker stated that she does not recall walking to Jewett House (Plaintiff's dorm) with Plaintiff.

31. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32. Denies the allegations contained in Paragraph 32 of the Complaint.

33. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint, except admits that Ms. Walker was a member of the rowing team and avers that Plaintiff also was a member of the rowing team.

34. Denies the allegations contained in Paragraph 34 of the Complaint, except admits that Ms. Walker and Plaintiff engaged in oral sex and sexual intercourse. Vassar avers that the Interpersonal Violence Panel determined that Ms. Walker was incapacitated as a result of her alcohol consumption and thus could not consent to the sexual activity with Plaintiff.

35. Denies the allegations contained in Paragraph 35 of the Complaint, except admits that Plaintiff's roommate entered the room while Plaintiff and Ms. Walker were engaged in sexual intercourse and that after the interruption Plaintiff and Ms. Walker did not resume sexual intercourse.

36. Admits the allegations contained in Paragraph 36 of the Complaint, except denies that Mr. Hays, Plaintiff's Student Fellow, asked Plaintiff about his party habits. Vassar avers that Mr. Hays told the Interpersonal Violence Panel that he asked Plaintiff about what was going on in his room that night and that Plaintiff did not appear intoxicated during their conversation.

37. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint, except admits that campus security never visited Plaintiff's room. Vassar avers that during its investigation of Ms. Walker's complaint against Plaintiff, Ms. Cooley and Ms. Gustafson stated that they had seen Ms. Walker and Plaintiff on the night of February 18, 2012 and observed that Ms. Walker was stumbling, obviously intoxicated, and had to hang on to Plaintiff in order to walk. Vassar further avers that Ms. Cooley and Ms. Gustafson stated that they contemplated calling campus security to intervene, but ultimately decided to seek the assistance of Plaintiff's Student Fellow, Mr. Hays.

38. Denies the allegations contained in Paragraph 38 of the Complaint, except admits that Ms. Walker and Plaintiff exchanged Facebook messages containing the language quoted in Paragraph 38 of the Complaint.

39. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint, except denies that Ms. Walker never indicated she was fearful of Plaintiff or that she believed Plaintiff raped her, and admits that Ms. Walker and Plaintiff exchanged Facebook messages on March 20, 2012, May 3, 2012, May 4, 2012, May 15, 2012, and October 9, 2012 and that the March 20, 2012 message contains the language quoted in Paragraph 39 of the Complaint. Vassar avers that Ms. Walker's February 19, 2012 Facebook message states that she was "really drunk" on the night she engaged in sexual intercourse with Plaintiff.

40. Denies the allegations contained in Paragraph 40 of the Complaint. Vassar avers that the Interpersonal Violence Panel determined that Ms. Walker was incapacitated as a result of her alcohol consumption and thus could not consent to the sexual activity with Plaintiff.

41. Admits the allegations contained in Paragraph 41 of the Complaint, except denies that Plaintiff was charged with a violation of Section 20.1 of the Student Handbook and avers that Plaintiff was charged with a violation of Item 20.2 of the Student Handbook as is evidenced by, among other things, the formal letter Plaintiff received regarding the Interpersonal Violence Hearing and the charges against him.

42. Admits the allegations contained in Paragraph 42 of the Complaint.

43. Denies the allegations contained in Paragraph 43 of the Complaint, except admits that Plaintiff gave Mr. Horowitz printed copies of Facebook messages.

44. Denies the allegations contained in Paragraph 44 of the Complaint, except admits that Ms. Walker was given the Facebook messages and that she told the investigators that she wrote the Facebook messages out of fear. Vassar avers that during its investigation of Ms. Walker's complaint against Plaintiff, Ms. Walker stated that she was in denial, extremely scared, and in a state of shock and disbelief when she wrote the Facebook messages, and that these messages did not correctly reflect her feelings about the incident with Plaintiff.

45. Denies the allegations contained in Paragraph 45 of the Complaint, except admits that Plaintiff was given the opportunity to review the file of the charges against him in the Office of the Dean of Students, that Mr. Horowitz's final investigation notes do not mention a police report or health examination, and that the file contained a written statement from Ms. Gustafson. Vassar avers that Mr. Horowitz's final investigation notes contain a typographical error stating

that Plaintiff was charged with a violation of Item 20.1 of the College Regulation instead of Item 20.2.

46. Denies the allegations contained in Paragraph 46 of the Complaint. Vassar avers that Plaintiff received a letter dated February 27, 2013 from the Dean of Students regarding the formal charges against him (violations of Item 5.05 and 20.2 of the College Regulations) and the scheduled date of the Interpersonal Violence Panel hearing.

47. Denies the allegations contained in Paragraph 47 of the Complaint, except admits that Plaintiff's request for an adjournment of the hearing was denied.

48. Admits the allegations contained in Paragraph 48 of the Complaint, except denies that a Formal Grievance Hearing was convened, and avers that an Interpersonal Violence Panel hearing was convened. Vassar further avers that a hearing before the Interpersonal Violence Panel, a subset of the College Regulations Panel, is convened rather than a Formal Grievance Hearing when the respondent to a claim of sexual harassment or misconduct is a student.

49. Denies the allegations contained in Paragraph 49 of the Complaint, except admits that Plaintiff's request that a student be allowed to sit on the panel was denied and that Ms. Walker's father has been a professor at Vassar since 1988. Vassar avers that an Interpersonal Violence Panel hearing was convened (and not a Formal Grievance Hearing, as alleged by Plaintiff) and that the Interpersonal Violence Panel Rules and Procedures provide that if either the complainant or respondent prefers, all three panelists will be faculty members and that Ms. Walker requested an all-faculty panel. Vassar further avers that none of the members of the Interpersonal Violence Panel was in the same department as Ms. Walker's father.

50. Denies the allegations contained in Paragraph 50 of the Complaint, except admits that Mr. Horowitz did not provide Plaintiff with the referenced emails. Vassar avers that an

Interpersonal Violence Panel hearing was convened (and not a Formal Grievance Hearing, as alleged by Plaintiff) and that Mr. Horowitz invited both students identified by Plaintiff to testify at the Interpersonal Violence Panel hearing, and that when both were unable to do so, Mr. Horowitz allowed them to provide written statements of the information Plaintiff was seeking from them. Vassar further avers that neither witness had any relevant information regarding the incident between Plaintiff and Ms. Walker.

51. Admits the allegations contained in Paragraph 51 of the Complaint, except denies that Mr. Horowitz called Ms. Cooley, Ms. Gustafson and Mr. Hays as witnesses and that the hearing was a Formal Grievance Hearing. Vassar avers that an Interpersonal Violence Panel hearing was convened, and that Ms. Cooley, Ms. Gustafson and Mr. Hays were incident witnesses who were invited by Mr. Horowitz to testify at the hearing.

52. Denies the allegations contained in Paragraph 52 of the Complaint, except admits that Ms. Walker was present at the hearing and that Plaintiff questioned Ms. Walker. Vassar avers that an Interpersonal Violence Panel hearing was convened, and not a Formal Grievance Hearing, as alleged by Plaintiff.

53. Denies the allegations contained in Paragraph 53 of the Complaint and avers that the members of the Interpersonal Violence Panel engaged in private deliberations for approximately one hour prior to finding Plaintiff responsible for violating Items 5.05 and 20.2 of the College Regulations.

54. Admits the allegations contained in Paragraph 54 of the Complaint, except denies that Plaintiff was never charged with a violation of Item 20.2.

55. Admits the allegations contained in Paragraph 55 of the Complaint, except denies that Plaintiff had a Formal Grievance Hearing and that Plaintiff was charged with a less serious offense than his peer.

56. Denies the allegations contained in Paragraph 56 of the Complaint, except admits that on March 15, 2013 Plaintiff filed his letter of appeal to the Dean of the College and that Plaintiff's appeal was denied.

57. Denies the allegations contained in Paragraph 57 of the Complaint, except admits that Plaintiff requested that a student participate on the Interpersonal Violence Panel. Vassar avers that an Interpersonal Violence Panel hearing was convened (and not a Formal Grievance Hearing, as alleged by Plaintiff) and that the Interpersonal Violence Panel Rules and Procedures provide that if either the complainant or respondent prefers, all three panelists will be faculty members and that Ms. Walker requested an all-faculty panel. Vassar further avers that none of the faculty members on the Interpersonal Violence Panel that considered the charges against Plaintiff was in the same department as Ms. Walker's father.

58. Denies the allegations contained in Paragraph 58, except admits that Ms. Walker's complaint was made one year after the incident with Plaintiff. Vassar avers that a hearing before the Interpersonal Violence Panel was convened rather than a Formal Grievance Hearing, because the respondent was a student.

59. Denies the allegations contained in Paragraph 59 of the Complaint. Vassar avers that a hearing before the Interpersonal Violence Panel was convened rather than a Formal Grievance Hearing, because the respondent was a student.

60. Denies the allegations contained in Paragraph 60 of the Complaint. Vassar avers that a hearing before the Interpersonal Violence Panel was convened rather than a Formal Grievance Hearing, because the respondent was a student.

61. Denies the allegations contained in Paragraph 61 of the Complaint. Vassar avers that a hearing before the Interpersonal Violence Panel was convened rather than a Formal Grievance Hearing, because the respondent was a student.

62. Admits the allegations contained in Paragraph 62 of the Complaint and avers that Plaintiff supplied the emphasis to the excerpt from the College Regulations.

63. Denies the allegations contained in Paragraph 63 of the Complaint, except admits that Vassar expelled Plaintiff.

64. Denies the allegations contained in Paragraph 64 of the Complaint, except admits that the quoted language is contained in Vassar's Policy Against Discrimination and Harassment which is found in, among other places, the Vassar Student Handbook.

65. Denies the allegations contained in Paragraph 65 of the Complaint.

66. Denies the allegations contained in Paragraph 66 of the Complaint.

67. Denies the allegations contained in Paragraph 67 of the Complaint.

68. Denies the allegations contained in Paragraph 68 of the Complaint.

69. Denies the allegations contained in Paragraph 69 of the Complaint.

70. Denies the allegations contained in Paragraph 70 of the Complaint.

71. Denies the allegations contained in Paragraph 71 of the Complaint, except admits that Plaintiff's student visa has been terminated by reason of his expulsion.

72. Denies the allegations contained in Paragraph 72 of the Complaint.

73. Denies the allegations contained in Paragraph 73 of the Complaint, except admits that Plaintiff was required to pay the balance of his tuition following his expulsion from the College.

74. States that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint, except denies that there was an "outrageous decision rendered at the Formal Grievance Hearing."

75. Denies the allegations contained in Paragraph 75 of the Complaint.

**AS AND FOR THE FIRST CAUSE OF ACTION**
**Violation of Title IX of the Education Amendments of 1972**

76. With respect to the allegations contained in Paragraph 76 of the Complaint, Vassar repeats and realleges each and every admission, denial, averment and statement set forth in Paragraphs 1-75 hereof with the same force and effect as though here set forth in full.

77. The allegations contained in Paragraph 77 of the Complaint are legal conclusions as to which no responsive pleading is required.

78. The allegations contained in Paragraph 78 of the Complaint are legal conclusions as to which no responsive pleading is required.

79. Admits the allegations contained in Paragraph 79 of the Complaint.

80. Denies the allegations contained in Paragraph 80 of the Complaint.

81. Denies the allegations contained in Paragraph 81 of the Complaint.

82. Denies the allegations contained in Paragraph 82 of the Complaint.

83. Denies the allegations contained in Paragraph 83 of the Complaint.

84. Denies the allegations contained in Paragraph 84 of the Complaint.

85. Denies the allegations contained in Paragraph 85 of the Complaint.

**AS AND FOR THE SECOND CAUSE OF ACTION**
**Breach of Contract**

86. With respect to the allegations contained in Paragraph 86 of the Complaint, Vassar repeats and realleges each and every admission, denial, averment and statement set forth in Paragraphs 1-85 hereof with the same force and effect as though here set forth in full.

87. Denies the allegations contained in Paragraph 87 of the Complaint.

88. Denies the allegations contained in Paragraph 88 of the Complaint.

89. Denies the allegations contained in Paragraph 89 of the Complaint.

90. Denies the allegations contained in Paragraph 90 of the Complaint.

91. Denies the allegations contained in Paragraph 91 of the Complaint.

**AS AND FOR THE THIRD CAUSE OF ACTION**
**Covenant of Good Faith and Fair Dealing**

92. With respect to the allegations contained in Paragraph 92 of the Complaint, Vassar repeats and realleges each and every admission, denial, averment and statement set forth in Paragraphs 1-91 hereof with the same force and effect as though here set forth in full.

93. Denies the allegations contained in Paragraph 93 of the Complaint.

94. Denies the allegations contained in Paragraph 94 of the Complaint.

95. Denies the allegations contained in Paragraph 95 of the Complaint.

96. Denies the allegations contained in Paragraph 96 of the Complaint.

**AS AND FOR THE FOURTH CAUSE OF ACTION**
**Unfair or Deceptive Trade Practices**

97. With respect to the allegations contained in Paragraph 97 of the Complaint, Vassar repeats and realleges each and every admission, denial, averment and statement set forth in Paragraphs 1-96 hereof with the same force and effect as though here set forth in full.

98. The allegations contained in Paragraph 98 of the Complaint are legal conclusions as to which no responsive pleading is required.

99. Admits the allegations contained in Paragraph 99 of the Complaint, and avers that Plaintiff supplied the emphasis to the Mission Statement.

100. Denies the allegations contained in Paragraph 100 (including 100 a. and 100 b.) of the Complaint.

101. Denies the allegations contained in Paragraph 101 of the Complaint.

102. Denies the allegations contained in Paragraph 102 of the Complaint.

103. Denies the allegations contained in Paragraph 103 of the Complaint.

**AS AND FOR THE FIFTH CAUSE OF ACTION**
**Estoppel and Reliance**

104. With respect to the allegations contained in Paragraph 104 of the Complaint, Vassar repeats and realleges each and every admission, denial, averment and statement set forth in Paragraphs 1-103 hereof with the same force and effect as though here set forth in full.

105. Denies the allegations contained in Paragraph 105 of the Complaint.

106. Denies the allegations contained in Paragraph 106 of the Complaint.

107. Denies the allegations contained in Paragraph 107 of the Complaint.

108. Denies the allegations contained in Paragraph 108 of the Complaint.

109. Denies the allegations contained in Paragraph 109 of the Complaint.

110. Denies the allegations contained in Paragraph 110 of the Complaint.

**AS AND FOR THE SIXTH CAUSE OF ACTION**
**Intentional Infliction of Emotional Distress**

111. With respect to the allegations contained in Paragraph 111 of the Complaint, Vassar repeats and realleges each and every admission, denial, averment and statement set forth in Paragraphs 1-110 hereof with the same force and effect as though here set forth in full.

112. Denies the allegations contained in Paragraph 112 of the Complaint.

113. Denies the allegations contained in Paragraph 113 of the Complaint.

114. Denies the allegations contained in Paragraph 114 of the Complaint.

115. Denies the allegations contained in Paragraph 115 of the Complaint.

116. Denies the allegations contained in Paragraph 116 of the Complaint.

**AS AND FOR THE SEVENTH CAUSE OF ACTION**
**Negligence**

117. With respect to the allegations contained in Paragraph 117 of the Complaint, Vassar repeats and realleges each and every admission, denial, averment and statement set forth in Paragraphs 1-116 hereof with the same force and effect as though here set forth in full.

118. Denies the allegations contained in Paragraph 118 of the Complaint.

119. Denies the allegations contained in Paragraph 119 of the Complaint.

120. Denies the allegations contained in Paragraph 120 of the Complaint.

121. Denies the allegations contained in Paragraph 121 of the Complaint.

**AS AND FOR THE EIGHTH CAUSE OF ACTION**
**Declaratory Judgment**

122. With respect to the allegations contained in Paragraph 122 of the Complaint, Vassar repeats and realleges each and every admission, denial, averment and statement set forth in Paragraphs 1-121 hereof with the same force and effect as though here set forth in full.

123. Denies the allegations contained in Paragraph 123 of the Complaint.

124. Denies the allegations contained in Paragraph 124 of the Complaint.

125. Denies the allegations contained in Paragraph 125 of the Complaint.

126. Denies the allegations contained in Paragraph 126 of the Complaint.

127. Denies that Plaintiff is entitled to any of the relief that he seeks in the WHEREFORE clause in the Complaint.

**VASSAR'S FIRST AFFIRMATIVE DEFENSE**

128. The Complaint fails to state a claim upon which relief can be granted.

**VASSAR'S SECOND AFFIRMATIVE DEFENSE**

129. Plaintiff's damages, if any, were caused in whole, or in part, by his own conduct and not conduct on the part of Vassar.

**VASSAR'S THIRD AFFIRMATIVE DEFENSE**

130. Vassar's actions were justified by legitimate, non-discriminatory reasons.

**VASSAR'S FOURTH AFFIRMATIVE DEFENSE**

131. Vassar has proper policies and procedures in place to prevent and remedy claims of sex discrimination and actively enforces such policies and procedures.

**VASSAR'S FIFTH AFFIRMATIVE DEFENSE**

132. If damaged, Plaintiff failed to make reasonable efforts to mitigate his damages.

**VASSAR'S SIXTH AFFIRMATIVE DEFENSE**

133. Vassar acted in good faith at all times in its dealings with Plaintiff and did not engage in willful, wanton, malicious, or reckless conduct so as to justify an award of punitive damages.

WHEREFORE, Vassar prays the court to dismiss the Complaint and enter judgment for it, to award it all costs and attorney's fees it may incur in this action, and to grant such other, further, or different relief as the court may deem just and proper.

Dated: New York, New York
October 15, 2013

HUGHES HUBBARD & REED LLP

By: *_/s/ George A. Davidson_*

George A. Davidson
Alexander W. Bogdan
One Battery Park Plaza
New York, New York 10004
(212) 837-6000
davidson@hugheshubbard.com
bogdan@hugheshubbard.com

Attorneys for Defendant Vassar College