UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

XIAOLU "PETER" YU,

                                    Plaintiff,

                - against -

VASSAR COLLEGE,

                                    Defendant.

CASE NO. 13-cv-04373 (HB)
(MHD)

**DEFENDANT VASSAR COLLEGE'S OPPOSITION TO ORDER TO SHOW CAUSE
FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

# TABLE OF CONTENTS

table of authorities.................................................................................................................... ii

PRELIMINARY STATEMENT .................................................................................................1

STATEMENT OF FACTS ...........................................................................................................1

    I.    Relevant Facts ..............................................................................................................1

    II.    Procedural History .......................................................................................................4

ARGUMENT ...............................................................................................................................5

    I.    Plaintiff Has Not Met the High Burden Necessary to Justify a Prior
        Restraint on Speech......................................................................................................6

    II.    Plaintiff Has Not Shown That He Will Suffer Irreparable Harm Absent at
        Injunction ....................................................................................................................9

    III.    Plaintiff Has Failed to Show a Likelihood of Success on Any of His
        Claims ........................................................................................................................11

        A.    Plaintiff Has Failed to Show He Would be Entitled to the
            Injunction Requested Under Any of His Claims .......................................12

        B.    Plaintiff Has Not Shown a Likelihood of Success on His Title IX
            Claim.........................................................................................................12

        C.    Plaintiff Has Not Shown a Likelihood of Success on His Claims
            for Breach of Contract and Covenant of Good Faith and Fair
            Dealing......................................................................................................15

        D.    Plaintiff Has Not Shown a Likelihood of Success on His Claim
            Under General Business Law 349(a) .........................................................16

        E.    Plaintiff Has Not Shown a Likelihood of Success on His Claim for
            Estoppel and Reliance................................................................................16

        F.    Plaintiff Has Not Shown a Likelihood of Success on His Claim for
            Intentional Infliction of Emotional Distress ..............................................17

        G.    Plaintiff Has Not Shown a Likelihood of Success on His
            Negligence Claim.......................................................................................18

    IV.    The Balance of Equities Favors Denying Plaintiff's Request ...............................18

    V.    The Public Interest Favors Denying Plaintiff's Request........................................19

CONCLUSION...........................................................................................................................19

## TABLE OF AUTHORITIES

**CASES**

*Bennett v. U.S. Lines, Inc.*, 64 F.3d 62 (2d Cir. 1995)..................................................17

*Bleiler v. College of the Holy Cross*, No. 11-11541-DJC, 2013 U.S. Dist. LEXIS
    127775 (D. Mass. Aug. 26, 2013)................................................12, 13, 14

*Boyd v. State Univ. of N.Y. at Cortland*, 110 A.D.3d 1174 (3d Dep't 2013)................15

*Camprubi-Soms v. Aranda,* 00 Civ. 9626 (DLC)(DF)*,* 2001 U.S. Dist. LEXIS
    11291 (S.D.N.Y. June 13, 2001)................................................8, 12

*Christian v. New York State Bd. of Law Exam'rs*, 94 Civ. 0949 (JFK) (PART 1),
    1994 U.S. Dist. LEXIS 1876 (S.D.N.Y. Feb. 23, 1994).........................10

*Doe v. New York Univ.*, 666 F.2d 761 (2d Cir. 1981).....................................10

*Doe v. University of the South*, 687 F. Supp. 2d 744 (E.D. Tenn. 2009)...................14

*Donini Int'l, S.P.A. v. Satec (U.S.A.) LLC*, 03 Civ. 9471 (CSH), 2004 U.S. Dist.
    LEXIS 13148 (S.D.N.Y. July 13, 2004)........................................8

*Fraad-Wolff v. Vassar College*, 932 F. Supp. 88 (S.D.N.Y. 1996).........................17

*Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112 (2d Cir. 2005)..........................8, 9

*G.B. v. Carrión*, 486 Fed. App'x 886 (2d Cir. 2012).....................................6

*Grand River Enterprises Six Nations, Ltd. v. Pryor*, 481 F.3d 60 (2d Cir. 2007).........9

*Jones v. Trustees of Union College*, 92 A.D.3d 997 (3d Dep't 2012)......................15

*Kalinsky v. State Univ. of N.Y. at Binghamton,* 161 A.D.2d 1006 (3d Dep't 1990).......15

*Lee v. Burkhart*, 991 F.2d 1004 (2d Cir. 1993)...........................................17

*Mallory v. Ohio Univ.*, 76 F. App'x 634 (6th Cir. 2003)..............................13, 14, 15

*Metropolitan Opera Ass'n, Inc. v. Local 100, Hotel Employees & Rest. Employees
    Int'l Union*, 239 F.3d 172 (2d Cir. 2001).................................6, 7, 19

*Mikinberg v. Baltic S.S. Co.*, 988 F.2d 327 (2d Cir. 1993)...............................17

*Mitchell v. Giambruno*, 35 A.D.3d 1040 (3d Dep't 2006)..................................17

*Petrelli v. City of Mount Vernon*, 9 F.3d 250 (2d Cir. 1993)............................17

*Phillips v. Marsh*, 687 F.2d 620 (2d Cir. 1982) .............................................................10

*Rauer v. State Univ. of N.Y., Univ. at Albany*, 159 A.D.2d 835 (3d Dep't 1990) ........15

*Routh v. University of Rochester*, No. 11-CV-6606 CJS, 2013 WL 5943926
    (W.D.N.Y. Nov. 5, 2013) ......................................................................................... passim

*Schwarzmueller v. State Univ. of N.Y. at Potsdam*, 105 A.D.3d 1117 (3d Dep't
    2013) .....................................................................................................................15

*Silber v. Barbara's Bakery, Inc.*, 950 F. Supp. 2d 432 (E.D.N.Y. 2013) ....................11

*Tough Traveler Ltd. v. Outbound Prods.*, 60 F.3d 964 (2d Cir. 1995) .........................11

*TVC Albany, Inc. v. American Energy Care, Inc.*, 1:12-CV-1471 (MAD/CRH),
    2012 U.S. Dist. LEXIS 164219 (N.D.N.Y Nov. 16, 2012) .......................................7

*Walter v. Giuliani*, No. 98-9011, 1998 U.S. App. LEXIS 24691 (2d Cir. Oct. 5,
    1998) ....................................................................................................................10

*Wilner v. Allstate Ins. Co.*, 2010 NY Slip Op 248, 893 N.Y.S.2d 208 (2d Dep't
    2010) ....................................................................................................................17

*Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008) ....................6,9

*Yusuf v. Vassar Coll.*, 35 F.3d 709 (2d Cir. 1994) .................................................12, 14

**S**TATUTES AND **R**ULES

New York General Business Law 349(a) .............................................................11, 16

Title IX of the Education Amendments of 1972 .................................................. passim

Defendant Vassar College ("Vassar") submits this Opposition to Plaintiff Xiaolu "Peter" Yu's ("Plaintiff") Order to Show Cause for Temporary Restraining Order and Preliminary Injunction (the "Motion").

## PRELIMINARY STATEMENT

Plaintiff was expelled from Vassar in March 2013 after a hearing before three faculty members who determined that Plaintiff had engaged in sexual relations with another student who had been too incapacitated to consent. Plaintiff now seeks an injunction that would not only prevent Vassar from disclosing to graduate schools that he was expelled for violating Vassar's sexual misconduct policies but also require that Vassar provide these schools with false and misleading information about his departure from the college.

Plaintiff's attempts to place a prior restraint on Vassar's First Amendment rights should be rejected. Plaintiff has failed to show that extraordinary circumstances exist that would justify enjoining Vassar's speech. Constitutional concerns aside, Plaintiff has also failed to meet any of the requirements necessary to support a preliminary injunction. He has failed to show a likelihood of irreparable harm, failed to show a likelihood of success on the merits, failed to show that the balance of equities is in his favor, and failed to show that his requested injunction would be in the public interest. Plaintiff's Motion should be denied in its entirety.

## STATEMENT OF FACTS

### I.    RELEVANT FACTS

Plaintiff was expelled from Vassar in March 2013 after a Interpersonal Violence Panel ("IVP") comprised of three Vassar faculty members unanimously found that he had violated Vassar's sexual misconduct policies. Plaintiff was charged with two violations of Vassar's sexual misconduct policy based on allegations that he sexually assaulted a fellow student (the "Complainant") in Plaintiff's dorm room following a party they both attended in

February 2012. (Bogdan Aff. ¶ 7.)[1]  At the hearing on March 7, 2013, the IVP heard testimony from Plaintiff, the Complainant, Vassar's Associate Director of Residential Life and Title IX Investigator Rich Horowitz, and three additional witnesses.  (*Id.*)

Two witnesses, Student A and Student B, who were acquainted with both Plaintiff and the Complainant, testified that they observed Plaintiff and Complainant together walking across campus on the night in question and that Complainant was visibly intoxicated. (*Id.* at ¶ 8.) Complainant was stumbling and Plaintiff was supporting her weight.  (*Id.*)  Student A testified that she believed the Complainant was "not in her right mind."  (*Id.*)  Both reported that the Complainant's apparent level of intoxication was so severe that Student A and Student B determined that they should intervene.  (*Id.*)  They sent a text message to the Complainant but did not receive a response.  (*Id.*)  After further discussing the best way they should intervene, they attempted to get in touch with a Student Fellow, similar to a residential advisor, in Plaintiff's dorm.  (*Id.*)  Student A and Student B also decided to go to Plaintiff's dorm to attempt to intervene.  (*Id.*)  Arriving about an hour after they first saw Plaintiff and the Complainant, they encountered a Student Fellow, who knocked on Plaintiff's door.  (*Id.*)  However, Complainant had already left.  (*Id.*)  The Student Fellow spoke with Plaintiff, who did not appear to be intoxicated.  (*Id.*)

In her testimony and in a written statement provided to the IVP, Complainant stated that she and Plaintiff had been at the same party earlier in the evening where she had become increasingly intoxicated as the night progressed.  (*Id.* at ¶ 9.)  She accused Plaintiff of sexually assaulting her in his dorm room later that evening.  Although she could not recall the

---

1.  References to "Bogdan Aff." refer to the Affirmation of Alexander W. Bogdan, sworn to February 24, 2014, submitted herewith.

entire evening because of her level of intoxication, the Complainant recalled rebuffing Plaintiff's advances throughout the evening and feeling helpless to resist Plaintiff in both going to his dorm room and in resisting his sexual advances while in his dorm room. (*Id.*) Complainant also accused Plaintiff of using force to coerce her into engaging in sexual acts. (*Id.*) Complainant recalled leaving Plaintiff's dorm room immediately thereafter. (*Id.*) Plaintiff claimed that his sexual encounter with the Complainant was consensual. (*Id.* at ¶ 10.) However, he admitted that the Complainant had rejected his advances earlier in the evening and that the Complainant was drunk. (*Id.*)

Mr. Horowitz testified at the hearing about the investigation he conducted into the accusations of sexual assault. (*Id.* at ¶ 11.) He interviewed Plaintiff, the Complainant, Student A, Student B, and the Student Fellow, and contacted other witnesses that Plaintiff identified but who were unable to attend the hearing. (*Id.*) He also prepared a report summarizing his investigation which was provided to the IVP. (*Id.*) Mr. Horowitz stated that the evidence discovered during his investigation suggested that the Complainant may have been incapacitated such that she could not give consent to engage in sex with Plaintiff. (*Id.*) This evidence included Complainant's lack of memory of various points of the evening, the statements of Student A and Student B that the Complainant appeared very intoxicated such that they were concerned enough to attempt to intervene, and Plaintiff's own statements that the Complainant was drunk that evening. (*Id.*) Mr. Horowitz's report also described evidence that supported a conclusion that force was used during the sexual encounter between Plaintiff and Complainant. (*Id.*)

After considering the evidence presented during the approximately five-hour hearing, the IVP unanimously found that Plaintiff violated Vassar's sexual misconduct policies and recommended his expulsion. (*Id.* at ¶ 12.) The following day, Vassar Dean of Students D.B.

3

Brown informed Plaintiff of the IVP's decision in writing and that he was expelled.  (*Id.*)

Plaintiff subsequently appealed the IVP's decision and his expulsion to Vassar's College

Regulations Appeal Panel which upheld the IVP's decision and Plaintiff's expulsion.  (*Id.*)

Plaintiff was notified in writing of the hearing date and the specific policies he

was accused of violating eight days prior to his hearing, on February 27, 2013.  (Yu Decl. ¶ 6.) [2]

Plaintiff was allowed to review the file of his hearing at least three days prior to the hearing,

including written statements submitted by the Complainant, Student A, Mr. Horowitz's report

summarizing his investigation, the notice of formal charges issued to Plaintiff, and evidence

Plaintiff himself had submitted showing Facebook messages exchanged between himself and the

Complainant.  (*Id.* at ¶ 8.)

Following his expulsion, Plaintiff signed written waivers allowing Vassar to

disclose the content of his education records to schools to which he was applying to transfer.

(Bogdan Aff. ¶ 13.)  At least two of these waivers included language specifically allowing

Vassar to disclose the contents of his disciplinary records.  (*Id.*)

## II.    <u>PROCEDURAL HISTORY</u>

Plaintiff filed his Complaint on June 25, 2013, and trial is scheduled for August

2014.  Plaintiff included in his Complaint numerous explicit allegations about his sexual

encounter with the Complainant.  (*See*, *e.g.*, Compl. ¶¶ 31, 32, 34.) [3]  It was therefore inevitable

that Plaintiff's suit against Vassar would become the subject of media attention, including an

article in the New York Post published the day after the Complaint was filed, and an article in

---

2.    References to "Yu Decl." refer to the Declaration of Xiaolu "Peter" Yu in Support of Plaintiff's Motion for
      Temporary Restraining Order and Preliminary Injunction, sworn to February 11, 2014.

3.    For the convenience of the Court, a copy of Plaintiff's Complaint is attached as Exhibit B to Bogdan Aff.

the Chronicle of Higher Education in which Plaintiff's counsel was quoted. *See* Erin Calabrese, *Row over 'rape': Expelled student sues Vassar College after he claims he was booted over allegedly false rape accusation by team member*, N.Y. Post, June 26, 2013, http://nypost.com/2013/06/26/row-over-rape-expelled-student-sues-vassar-college-after-he-claims-he-was-booted-over-allegedly-false-rape-accusation-by-team-member/; Libby Sander, *3 Students, Accused of Sexual Misconduct, Sue Their Colleges*, Chronicle of Higher Education, Sep. 20, 2013, at A14.

Discovery is scheduled to close on May 5, 2013. Vassar's request for a pre-motion conference concerning the entry of a proposed confidentiality order governing discovery is pending before United States Magistrate Judge Michael H. Dolinger.

Plaintiff first requested the relief requested herein when his counsel served Vassar's counsel with a copy of the Motion at approximately 10:00 a.m. on Thursday, February 20, 2014. (Bogdan Aff. ¶ 2.) A hearing was held shortly thereafter before United States District Court Judge Shira A. Scheindlin, sitting as Part 1 Judge, on Plaintiff's request for an order to show cause and a temporary restraining order. Judge Scheindlin denied Plaintiff's request for a temporary restraining order, ordered that Vassar respond to Plaintiff's Motion on or before 5:00 p.m. on Monday, February 24, and scheduled argument on Plaintiff's Motion for 3:00 p.m. on Tuesday, February 25 before United States District Court Judge Paul A. Crotty, scheduled to sit as Part 1 Judge that day. (A copy of the transcript of the February 20, 2014 hearing before Judge Scheindlin is attached as Exhibit A to the Bogdan Aff.)

## ARGUMENT

The Second Circuit and the Supreme Court have set forth the standard for a preliminary injunction as follows: "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the

absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *G.B. v. Carrión*, 486 F. App'x 886, 888 (2d Cir. 2012) (quoting *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter*, 555 U.S. at 24. Injunctions, like the one sought here, that restrict a party's First Amendment rights to freedom of speech may only be granted in "extraordinary circumstances." *Metropolitan Opera Ass'n, Inc. v. Local 100, Hotel Employees & Rest. Employees Int'l Union*, 239 F.3d 172, 177 (2d Cir. 2001).

Plaintiff has failed to show that the extraordinary circumstances needed to enjoin a prior restraint on Vassar's First Amendment rights are present here. Plaintiff has also failed to show irreparable harm absent a preliminary injunction or a likelihood of success on the merits of his claims. Plaintiff has failed to address, let alone show, that the balance of equities is in his favor or that the public interest would be served by issuing an injunction.

## I.  PLAINTIFF HAS NOT MET THE HIGH BURDEN NECESSARY TO JUSTIFY A PRIOR RESTRAINT ON SPEECH

Plaintiff requests that this Court enter an Order:

> [E]njoining Vassar College from: (i) disclosing, releasing and/or disseminating that portion of [Plaintiff's] education file that relates to the false allegations of sexual misconduct made by [the complainant] to other educational institutions during the pendency of the instant Motion and underlying action; and (ii) making any oral or written statements with respect to the circumstances of Mr. Yu's departure from Vassar College other than the following: "Mr. Yu is no longer a student at Vassar College, and prior to the conclusion of his studies at Vassar College, he was a student in good standing" during the pendency of the instant Motion and the underlying action.

(P's Mem. of Law[4] at 23-24.)

---

4.  References to "P's Mem. of Law" refer to Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction.

Thus, Plaintiff seeks to (1) prevent Vassar from making true statements about his departure from the college, such as "Peter Yu was expelled from Vassar in March 2013 after he was found to have violated Vassar's sexual misconduct policies"; (2) prevent Vassar from making statements about what he claims were false accusations of sexual assault made against him by the Complainant, accusations which Vassar found to be supported by evidence; and (3) require that Vassar make false and misleading affirmative statements about his departure from the college should any schools to which Plaintiff applies inquire about the reasons for his departure. He asks that Vassar be so enjoined before he has established any of his claims.

Plaintiff has offered no authority that would support the Court's imposition of these prior restraints on Vassar's First Amendment rights. It is well-settled that prior restraints on speech are heavily disfavored. "[T]he First Amendment strongly disfavors injunctions that impose a prior restraint on speech." *Metropolitan Opera Ass'n,* 239 F.3d at 178. Prior restraints on speech "come[] with a 'heavy presumption' against [their] constitutional validity." *Id.* at 176 (internal quotations and citations omitted). Injunctions seeking to restrain speech "are widely disfavored, thus, plaintiff bears a heavy burden of showing that a prior restraint is necessary." *TVC Albany, Inc. v. American Energy Care, Inc.*, 1:12-CV-1471, 1472 (MAD/CRH), 2012 U.S. Dist. LEXIS 164219, at *15 (N.D.N.Y Nov. 16, 2012). Such prior restraints are "the most serious and the least tolerable infringement on First Amendment rights." *Metropolitan Opera Ass'n,* 239 F.3d at 176 (citation omitted).

Plaintiff has not addressed prior restraint at all in his Motion, let alone shown that "extraordinary circumstances" exist to justify the injunction sought. *Id.* at 177. Even if Plaintiff could show that Vassar had made or would make false or defamatory statements, which he has not, a preliminary injunction would nevertheless be inappropriate. Indeed, "the long-standing

rule in this Circuit is that equity will not enjoin threatened libel or defamation since there are adequate legal remedies available for damages arising from harmful speech." *Donini Int'l, S.P.A. v. Satec (U.S.A.) LLC*, 03 Civ. 9471 (CSH), 2004 U.S. Dist. LEXIS 13148, at *25 (S.D.N.Y. July 13, 2004); *see Camprubi-Soms v. Aranda*, 00 Civ. 9626 (DLC)(DF)*,* 2001 U.S. Dist. LEXIS 11291, at *17-18 (S.D.N.Y. June 13, 2001) (denying "[p]laintiff's request for an injunction  preventing [d]efendant from 'spreading false and damaging comments' about [p]laintiff").

Plaintiff's request is even further unwarranted when viewed in the light of his own actions in this case.  Plaintiff has included in his Complaint detailed allegations of sexual activity between himself and the Complainant that were unnecessary to the pleading of his claims.  (*See*, *e.g.*, Compl. ¶¶ 31, 32, 34.)  These prurient allegations led to the inevitable New York Post article published the day after his Complaint was filed and numerous other print and electronic media reports.  *See* Calabrese, *supra.*  Plaintiff's counsel gave an interview to and was quoted by the Chronicle of Higher Education, the "bible" for college and university administrators and faculty.  *See* Sander, *supra*, at A14.  A Google search for "'Peter Yu' Vassar" returns over one thousand results, the entirety of the first page of which all relate to this instant lawsuit, many of which include Plaintiff's gratuitous allegations.  *See* https://www.google.com/search?q=%22peter+yu%22+vassar (last visited Feb. 23, 2014).

Plaintiff has failed to show that there are any "extraordinary circumstances" that would warrant restricting the First Amendment rights of Vassar and its employees.  For this reason alone, his request for a preliminary injunction should be denied.

## II. PLAINTIFF HAS NOT SHOWN THAT HE WILL SUFFER IRREPARABLE HARM ABSENT AN INJUNCTION

Plaintiff has also failed to show irreparable harm, "the single most important prerequisite for the issuance of a preliminary injunction." *Grand River Enterprises Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (quoting *Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112, 114 (2d Cir. 2005)). The Supreme Court's "frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22 (emphasis in original). Thus, the moving party must show the likelihood of irreparable harm before the Court will even consider the other requirements for an injunction. *Grand River*, 481 F.3d at 60.

Plaintiff has not shown that absent a preliminary injunction he would "suffer 'an injury that is neither remote nor speculative, but actual and imminent,' and one that cannot be remedied 'if a court waits until the end of trial to resolve the harm.'" *Id.* at 66 (quoting *Freedom Holdings*, 408 F.3d at 114). To the extent Plaintiff is arguing that he will suffer irreparable harm because he will not be accepted into another school to continue his education if Vassar discloses his expulsion for violating its sexual misconduct policies, his argument is contradicted by the Plaintiff's own statements and those of his counsel. Plaintiff's counsel has represented that Plaintiff is currently attending college and according to Plaintiff's Declaration he was accepted for transfer by at least two schools. (*See* Yu Decl. ¶ 25; Bogdan Aff. Ex. A at 3:8-12.) Plaintiff provides no argument why he could not also successfully gain admission to graduate school.

To the extent Plaintiff argues that he would suffer irreparable harm if he chose to wait until the conclusion of this litigation to apply to graduate school so that he could potentially do so without having to disclose his expulsion, (*see* P's Mem. of Law at 8,) such a delay is insufficient to warrant the issuance of a preliminary injunction. Trial in this case is currently

scheduled for August 2014.  Thus Plaintiff would have to wait at most another year to apply for

graduate school if he chose to await the resolution of his claims.  A one-year delay in continuing

one's education or career is not irreparable harm.  *See*, *e.g.*, *Doe v. New York Univ.*, 666 F.2d

761, 773 (2d Cir. 1981) (one-year wait to attend graduate school not irreparable harm),

*superseded by rule in part on other grounds as recognized in Zervos v. Verizon New York, Inc.*,

252 F.3d 163 (2d Cir. 2001); *Walter v. Giuliani*, No. 98-9011, 1998 U.S. App. LEXIS 24691, at

*2 (2d Cir. Oct. 5, 1998) (rejecting appellants' argument that "they will suffer irreparable harm

in the absence of preliminary injunctive relief because their career plans are necessarily put on

hold until resolution of their action").  Any injury Plaintiff allegedly would suffer because of this

delay "would surely be compensable by monetary damages" such that injunctive relief is

inappropriate.  *Christian v. New York State Bd. of Law Exam'rs*, 94 Civ. 0949 (JFK) (PART I),

1994 U.S. Dist. LEXIS 1876, at *5 (S.D.N.Y. Feb. 23, 1994) (quoting *Phillips v. Marsh*, 687

F.2d 620, 622 (2d Cir. 1982)) (finding that any damages resulting from five-month delay in

taking the bar exam were compensable by monetary damages).  Plaintiff's argument that a one-

year delay would cause him irreparable injury is further weakened by his own counsel's

admission that Plaintiff is seeking to apply to graduate schools early because of the large number

of Advanced Placement credits he earned prior to starting college.  (Bogdan Aff. Ex. A at 3:8-

12.) Thus, if Plaintiff chose to delay his applications for graduate school until the conclusion of

this litigation he would only be put back on the regular application schedule for someone at his

grade level.

Plaintiff's irreparable harm argument is further weakened by Plaintiff's

inexcusable delay in seeking this injunction.  Plaintiff was expelled from Vassar in March 2013

and became aware of Vassar's alleged statements about his expulsion and their alleged impact on

his continuing education shortly thereafter when he applied to other colleges and universities. (Yu Decl. ¶¶ 23-25.)  He filed the instant lawsuit in June 2013.  Yet Plaintiff did not request the relief sought herein until February 20, 2014, a mere nine days before his applications for graduate programs are purportedly due.  Such inexcusable delay weighs heavily against finding that Plaintiff would suffer irreparable harm.  *Tough Traveler Ltd. v. Outbound Prods.*, 60 F.3d 964, 968 (2d Cir. 1995) (finding that plaintiff had not shown irreparable harm where it waited four months after commencing litigation to move for a preliminary injunction); *Silber v. Barbara's Bakery, Inc.*, 950 F. Supp. 2d 432, 441 (E.D.N.Y. 2013) ("Although delay may not preclude the grant of ultimate relief, it may preclude preliminary relief because it undermines the sense of urgency that typically accompanies a motion for preliminary injunction.").

Plaintiff offers no explanation for delaying his request for eleven months after his expulsion or for eight months after filing his Complaint in this action.  Indeed, the only reason offered by Plaintiff's counsel for why he could not file his request even earlier this month was that he was waiting to receive discovery from Vassar before making this request.  As Judge Scheindlin noted, such discovery is "almost irrelevant.  Whether you received thousands [of documents] or none, you would have had the same request in response to these applications he's making to graduate programs." (Bogdan Aff. Ex. A at 5:1-4.)

## III.   PLAINTIFF HAS FAILED TO SHOW A LIKELIHOOD OF SUCCESS ON ANY OF HIS CLAIMS

Plaintiff's Complaint recites eight causes of action: (1) Violation of Title IX of the Education Amendments of 1972 ("Title IX"); (2) Breach of Contract; (3) Breach of the Covenant of Good Faith and Fair Dealing; (4) Unfair or Deceptive Trade Practices under New York General Business Law 349(a); (5) Estoppel and Reliance; (6) Intentional Infliction of

Emotional Distress; (7) Negligence; and (8) Declaratory Judgment.[5]  Plaintiff has failed to show

that his requested injunction is related to the relief that could be ultimately rewarded after a trial

on the merits of any of his claims.  He has also failed to show a likelihood of success on the

merits of any of his claims.

    A.    <u>Plaintiff Has Failed to Show He Would be Entitled to the Injunction Requested
Under Any of His Claims</u>

Plaintiff has failed to show that his requested relief would be available to him

under any of his claims.  Indeed, "the relief requested in a preliminary injunction motion

necessarily must relate to the final relief which could be awarded after a trial on the merits."

*Camprubi-Soms*, 2001 U.S. Dist. LEXIS 11291, at *11.  Plaintiff has failed to show how the

requested relief of an injunction preventing Vassar from disclosing his expulsion and requiring it

to make misleading statements about his departure relates to any of his claims.  This failure "is

fatal to Plaintiff's request."  *Id.*

    B.    <u>Plaintiff Has Not Shown a Likelihood of Success on His Title IX Claim</u>

In the Second Circuit, to succeed on a claim under Title IX arising out of

allegedly-biased discipline, the student must show that his discipline was the result of either an

"erroneous outcome" or from "selective enforcement."  *Yusuf v. Vassar Coll.*, 35 F.3d 709, 715

(2d Cir. 1994).  Both standards require that a plaintiff prove that a college's conduct "was

motivated by sexual bias."  *Bleiler v. College of the Holy Cross*, No. 11-11541-DJC, 2013 U.S.

Dist. LEXIS 127775, at *15 (D. Mass. Aug. 28, 2013).

The "erroneous outcome" standard requires that a plaintiff show that a college's

actions were "motivated by sexual bias or [that] the disciplinary hearing process constitutes a

---

5.   Plaintiff does not address his claim for "Declaratory Judgment" in the Motion.

'pattern of decision-making' whereby the [College's] disciplinary procedures governing sexual assault claims is discriminatorily applied or motivated by a chauvinistic view of the sexes." *Id.* at *16-17 (alteration in original) (internal quotations and citations omitted). Under the "selective enforcement" standard, a party must demonstrate that "a person of the opposite gender in circumstances sufficiently similar to this student was treated more favorably by the [College]." *Id.* at *17 n.4 (alteration in original) (internal quotations and citations omitted). Plaintiff has not shown that his expulsion for violation of Vassar's sexual misconduct policies was the result of "selective enforcement." Thus, Plaintiff would have to meet the "erroneous outcome" standard to succeed on his claim.

Plaintiff has not provided evidence other than his own conclusory statements that Vassar's actions were motivated by gender bias or that it has shown a pattern of decision-making that is discriminatorily applied or motivated by a chauvinistic view of the sexes. Courts in the Second Circuit and across the country have rejected "erroneous outcome" claims on facts similar to those claimed by Plaintiff here. For example, in *Routh v. University of Rochester*, No. 11-CV-6606 CJS, 2013 WL 5943926 (W.D.N.Y. Nov. 5, 2013), the court dismissed Title IX claims brought by a former student expelled for violating his university's sexual misconduct policy. There, as here, the plaintiff was allowed at his disciplinary hearing "to introduce evidence at the hearing to rebut [the complainant's] accusations, and he did so." *Id.* at *20.

Similarly, in *Mallory v. Ohio Univ.*, 76 F. App'x 634, 638-39 (6th Cir. 2003), the Sixth Circuit affirmed the grant of summary judgment in favor of a university on a student's Title IX claim, notwithstanding the student's arguments that he was denied the opportunity to cross-examine witnesses and that scheduling his disciplinary hearing while criminal charges were pending against him prevented him from testifying on his own behalf. The Sixth Circuit

found that the student "ha[d] not demonstrated that a genuine issue of material fact exists with respect to his assertion of a sex-based erroneous outcome." *Id.* at 639; *see also Bleiler*, 2013 U.S. Dist. LEXIS 127775, *23-25 (granting summary judgment in favor of college where the plaintiff "point[ed] to no evidence in the record to support his contention" that "once the mere allegation [of sexual misconduct] was made, the result was a foregone conclusion, notwithstanding the College's promises of a 'fair' disciplinary process"); *Doe v. University of the South*, 687 F. Supp. 2d 744, 753-58 (E.D. Tenn. 2009) (finding that the plaintiff failed to allege sufficient facts under the "erroneous outcome" standard where he claimed that he was informed of the complaint against him only one day before his disciplinary hearing, met with the university's investigator for the first time on the morning of the hearing, and was not allowed to attend any portion of the hearing other than when he was being questioned).

Here, it is undisputed that Plaintiff was formally notified of the claims against him and the date of his hearing over a week prior to the hearing, that he met with and presented evidence to Vassar's investigators weeks before his hearing, that he was allowed to review the hearing file three days before his hearing, and that he was allowed to, and did, attend and fully participate in the hearing, including cross-examining the Complainant. (*See* Yu Decl. ¶¶ 6, 8, 11.) To the extent Plaintiff argues that Vassar has a "pattern of decision making" that discriminates against males, the only evidence proffered, other than the Plaintiff's own conclusory statements, is a citation to a 1994 Second Circuit decision where the Court reversed dismissal of a student's Title IX claim. (P's Mem. of Law at 16 (citing *Yusuf*, 35 F.2d 709).) That a student was able to survive a motion to dismiss in a lawsuit twenty years ago is insufficient to show the pattern of decision making necessary to sustain a Title IX claim. *See*

*Mallory*, 76 F. App'x at 640 (finding that one claim, six years prior, "by an individual who was subjectively dissatisfied with a result does not constitute a 'pattern of decision-making'").

Further, Plaintiff has failed to identify any authority that would show he would be entitled to the relief requested herein if he were successful on his Title IX claims. The cases cited by Plaintiff for the proposition that his due process rights have been purportedly violated are not relevant to Plaintiff's claims here. Indeed, none of these decisions discussed Title IX; rather all address Article 78 proceedings brought against *public* universities, where a student's constitutional right to due process is a concern. *See Boyd v. State Univ. of N.Y. at Cortland*, 110 A.D.3d 1174, 1175 (3d Dep't 2013); *Kalinsky v. State Univ. of N.Y. at Binghamton,* 161 A.D.2d 1006, 1007 (3d Dep't 1990); *Schwarzmueller v. State Univ. of N.Y. at Potsdam*, 105 A.D.3d 1117, 1119-20 (3d Dep't 2013); *Rauer v. State Univ. of N.Y., Univ. at Albany*, 159 A.D.2d 835, 836 (3d Dep't 1990).

C.    <u>Plaintiff Has Not Shown a Likelihood of Success on His Claims for Breach of Contract and Covenant of Good Faith and Fair Dealing</u>

In addressing a breach of contract claim brought by a student against a college based on alleged improper imposition of discipline, "judicial review of the institution's actions is limited to whether the institution acted arbitrarily or whether it substantially complied with its own rules and regulations." *Routh*, 2013 WL 5943926, at *17 (quoting *Jones v. Trustees of Union College*, 92 A.D.3d 997, 998-99 (3d Dep't 2012)). Plaintiff has failed to show that he is likely to succeed on a claim that Vassar acted arbitrarily or did not substantially comply with its own rules and regulations.

Plaintiff himself admits that he was provided written notice of the charges against him over a week before his hearing was held; that he was allowed to review his hearing file three days prior to his hearing, which included written statements from the Complainant and a witness,

notices of the formal charges against him, and Mr. Horowitz's investigation report; and that he was allowed to cross-examine the Complainant at the hearing. (Yu Decl. ¶¶ 6, 8, 11.)

Courts have found that a plaintiff failed to show that a college breached a contract with a student in similar circumstances. In *Routh*, the Court dismissed plaintiff's breach of contract claim where he alleged the university violated its own policies by providing only approximate dates for the alleged sexual misconduct and by not providing "sufficient notice of the grounds for the panel's decision" against him. 2013 WL 5943926, at *17-19. The Court found such allegations to be insufficient to show that the school had acted arbitrarily or failed to substantially comply with its policies where, as here, the plaintiff was admittedly allowed to review the evidence against him prior to the hearing and the statement submitted in support of his appeal indicated that he understood the basis of the decision against him. *Id.* at *19.

D. <u>Plaintiff Has Not Shown a Likelihood of Success on His Claim Under General Business Law 349(a)</u>

Plaintiff has similarly failed to point to any authority that would show he has a valid claim under against Vassar, let alone any authority that he would likely succeed on such a claim. Plaintiff's claims that Vassar violated General Business Law 349(a) by misrepresenting to him that Vassar would follow its regulations and policies set forth in its student handbook, (Compl. ¶ 100,) lack factual support and in any event would not support the injunctive relief Plaintiff seeks here.

E. <u>Plaintiff Has Not Shown a Likelihood of Success on His Claim for Estoppel and Reliance</u>

Plaintiff has failed to show a likelihood of success on his claims for estoppel and reliance. Again, Plaintiff's claim is based on Vassar's alleged failure to follow its own policies and regulations when it expelled him for his sexual misconduct violations. (Compl. ¶ 105.) Plaintiff fails to cite to any case where a plaintiff brought a successful claim of estoppel, let alone

an estoppel claim against a college based on its alleged failure to follow its regulations in disciplining a student. Indeed, in both *Lee v. Burkhart*, 991 F.2d 1004, 1010 (2d Cir. 1993), and *Petrelli v. City of Mount Vernon*, 9 F.3d 250, 256 (2d Cir. 1993), the Second Circuit found that the plaintiff's estoppel claims were insufficient. Further, in neither *Mikinberg v. Baltic S.S. Co.*, 988 F.2d 327, 331 (2d Cir. 1993), nor *Bennett v. U.S. Lines, Inc.*, 64 F.3d 62, 65 (2d Cir. 1995), did the plaintiffs actually bring an estoppel claim. Rather, in both, the plaintiffs argued that the defendants should be estopped from raising a statute of limitations defense because of their past actions. *Mikinberg*, 988 F.2d at 331; *Bennett*, 64 F.3d at 65.

F.    Plaintiff Has Not Shown a Likelihood of Success on His Claim for Intentional Infliction of Emotional Distress

The standard in New York for a claim of intentional infliction of emotional distress ("IIED") is both well-settled and notably rigorous. A plaintiff must prove "(1) extreme and outrageous conduct; (2) the intentional or reckless nature of such conduct; (3) a causal relationship between the conduct and the resulting injury; and (4) severe emotional distress." *Routh*, 2013 WL 5943926, at *23 (quoting *Mitchell v. Giambruno*, 35 A.D.3d 1040, 1041 (3d Dep't 2006)). Plaintiff has failed to show that Vassar's actions rise to the level of "extreme and outrageous conduct" needed to maintain such a claim, let alone show that he is likely to succeed on such a claim. Indeed, "[e]ven a false charge of sexual harassment" or "false accusations of criminal conduct generally do not rise to the level of extreme and outrageous conduct that is necessary to support an IIED claim." *Routh*, 2013 WL 5943926, at * 23 (internal quotations and citations omitted); *see also Fraad-Wolff v. Vassar Coll.*, 932 F. Supp. 88, 93-94 (S.D.N.Y. 1996) (granting summary judgment on plaintiff's claims of IIED against college and finding "[d]efendant's conduct in this respect was neither extreme nor outrageous" in investigating claims against plaintiff of sexual harassment).

17

G. Plaintiff Has Not Shown a Likelihood of Success on His Negligence Claim

Plaintiff has failed to show a likelihood of success on his claim for negligence. Plaintiff's reliance on the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g; 34 C.F.R. Part 99, to establish a duty owed to him is misplaced. Plaintiff has not brought a claim against Vassar under FERPA and has not claimed that Vassar is prohibited by FERPA from disclosing Plaintiff's disciplinary record to other educational institutions for which Plaintiff has provided a waiver. To the contrary, Plaintiff admits that he provided waivers to allow Vassar to disclose his educational records to all of the schools to which he applied. (Yu Decl. ¶ 24.) In fact, at least two of the waivers signed by Plaintiff specifically authorized Vassar to disclose his disciplinary records. (Bogdan Aff ¶ 13.) Plaintiff does not explain how Vassar breached a duty owed to him under FERPA by disclosing information he authorized it to disclose.

IV. **THE BALANCE OF EQUITIES FAVORS DENYING PLAINTIFF'S REQUEST**

Plaintiff's request for a preliminary injunction should also be denied because he has failed to show that the balance of equities favors granting his request. Plaintiff has failed to even address this argument in his Motion.

The balance of equities favors Vassar. As discussed *supra*, Plaintiff has included in his Complaint detailed allegations of sexual activity between himself and the Complainant that were unnecessary to the pleading of his claims that have led to bringing media attention to his lawsuit. (*See* Compl. ¶¶ 31, 32, 34; Calabrese, *supra*; Sander, *supra*, at A14.) Incredibly, after Plaintiff himself publicized his own expulsion through the Complaint and through articles in publications read by school administrators, Plaintiff seeks to prevent *Vassar* from making truthful statements about his expulsion for violating Vassar's sexual misconduct policies to schools to which he will be applying. In these circumstances, the balance of equities weighs in Vassar's favor.

18

## V.     THE PUBLIC INTEREST FAVORS DENYING PLAINTIFF'S REQUEST

        The public interest also favors denying Plaintiff's request for a preliminary

injunction.  Again, Plaintiff fails to address this required element for a preliminary injunction.

The public interest is better served by allowing Vassar to exercise its First Amendment rights

than it would be by placing a prior restraint on those rights.  *See Metropolitan Opera Ass'n*, 239

F.3d at 177.  Plaintiff has failed to show how it would be in the public interest for universities to

which he is applying to have incomplete and inaccurate information about his departure from

Vassar.

## CONCLUSION

        For the foregoing reasons, Plaintiff's request for a preliminary injunction should

be denied in all respects.


Dated:    New York, New York
          February 24, 2014

                                        Respectfully submitted,


                                        HUGHES HUBBARD & REED LLP


                                        By: /s/ George A. Davidson
                                            George A. Davidson
                                            Alexander W. Bogdan
                                            One Battery Park Plaza
                                            New York, New York 10004
                                            (212) 837-6000
                                            davidson@hugheshubbard.com
                                            bogdan@hugheshubbard.com

                                            Attorneys for Defendant Vassar College

62882120_3