

Hughes Hubbard

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726
hugheshubbard.com

May 7, 2014

**BY ECF**

Hon. Harold Baer, Jr.
United States District Court
Southern District of New York
500 Pearl Street, Chamber 2230
New York, NY 10007

      Re:    Xiaolu "Peter" Yu v. Vassar College
              13-CV-4373 (HB) (MD)

Dear Judge Baer:

      We write on behalf of Vassar College in response to Plaintiff's May 6, 2014 letter to the Court seeking an extension of time to respond to Vassar's motion for summary judgment.[1]

      The schedule Plaintiff now claims is "unfair and inequitable" is the schedule that Plaintiff himself agreed to just three weeks ago. This matter is scheduled for the Court's August trial calendar. Extending Plaintiff's time to respond to Vassar's summary judgment motion would not provide the Court the time to decide the motion prior to trial that is required by the Court's rules.

      Plaintiff's complaint that the current schedule requires him to respond to Vassar's summary judgment motion while discovery is ongoing rings hollow, because so did the schedule it replaced. Each time the Court extended the deadlines in this matter, the amended schedule has required that Vassar serve its motion for summary judgment and that Plaintiff serve his response thereto while discovery was ongoing. *See* Order, Jan. 29, 2014, ECF No. 20 (extending discovery deadline from March 4, 2014 and May 5, 2014 while stating that the deadline for fully briefed motions would remain May 5, 20140); Order, April 15, 2014, ECF No. 20 (approving the schedule submitted by the parties extending the discovery deadline to May 16, 2014, setting the deadline for Vassar's motion for summary judgment to May 2, 2014 and Plaintiff's response thereto to May 16, 2014).

---

1. Plaintiff also submitted letters dated April 28, 2014 and May 6, 2014 to Magistrate Judge Dolinger addressing certain discovery issues. Vassar is unaware of any general reference of discovery matters in this case that would authorize Plaintiff to seek Judge Dolinger's intervention in resolving these issues. Vassar submitted responses to these letters via ECF on April 30, 2014 and May 7, 2014. Vassar has addressed Plaintiff's arguments seeking leave to take depositions in excess of the ten allowed by Federal Rule of Civil Procedure 30 and concerning the audio recording therein. For the convenience of the Court, Vassar's responses have been enclosed herewith.

Only now, after Vassar has served its motion for summary judgment showing that Plaintiff's claims are wholly without merit, does Plaintiff claim that the schedule he agreed to just weeks ago is "unfair and inequitable." It is Plaintiff that has delayed in taking depositions in this case. Having taken no depositions at all during the original discovery period, Plaintiff has jammed in all ten depositions permitted by Rule 30 in the last two weeks of the extended discovery period and, in letters to Magistrate Judge Dolinger and in a May 6, 2014 email to counsel, seeks leave to take four more. The present procedural posture is one that Plaintiff brought on himself. Plaintiff's own delay is insufficient reason to extend the pretrial schedule once again in this matter and deprive this Court from having the time required by its rules to decide Vassar's summary judgment motion prior to trial. The practical considerations of counsel which Plaintiff advances existed weeks ago when the parties agreed to the schedule submitted to and approved by the Court.

For the foregoing reasons, Plaintiff's requested extension of the May 16, 2014 deadline to respond to Vassar's summary judgment motion should be denied.

Respectfully submitted,

Alexander W. Bogdan

cc: Andrew T. Miltenberg, Esq. (via ECF)
     Kimberly Lau, Esq. (via ECF)

Enclosure

64135968_2

# Enclosures



Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726
hugheshubbard.com

April 30, 2014

**BY ECF AND FACSIMILE (212) 805-7928**

Hon. Michael H. Dolinger
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: Xiaolu "Peter" Yu v. Vassar College
      13-CV-4373 (HB) (MD)

Dear Judge Dolinger:

  We represent Vassar College ("Vassar") in the above-referenced action and write in response to Plaintiff's April 28, 2014 letter to you.[1]

  The relief requested in Plaintiff's April 28 letter should be denied. Plaintiff has failed to show cause why he should be allowed to exceed the presumptive limit of ten depositions set forth in Federal Rule of Civil Procedure 30 to depose two witnesses whose testimony cannot help him prove his claims—Vassar's Sexual Assault and Violence Prevention Program Coordinator Elizabeth Schrock and a male student who was not involved in any way in Plaintiff's disciplinary proceeding but was himself disciplined in a separate proceeding..

  The discovery deadline in this matter has been repeatedly extended at Plaintiff's request, and is now set for May 16, 2014. As of the date of this letter, Plaintiff has scheduled via oral examination or by written questions ten depositions in addition to those sought of Ms. Schrock and the unrelated male student. On May 2, 5, and 15, Plaintiff will be deposing by oral examination three students who testified at Plaintiff's hearing or provided information to Vassar's investigators, and five Vassar employees—Vassar's Title IX Investigator, the three faculty members who served on the panel that found Plaintiff responsible for violating its sexual

---

1. We were surprised to receive this letter as we are unaware of any general reference to Your Honor for discovery in this case, in particular as Judge Baer has recently issued orders concerning discovery. *See* Order, April 9, 2014, ECF No. 44; Order, April 15, 2014, ECF No. 48.

misconduct policies, and the non-voting chair of that panel. Plaintiff also has noticed the deposition by written questions of Vassar's Dean of the College and Dean of Students.[2]

Plaintiff has not shown that cause exists to allow him to depose Ms. Schrock and the unrelated male student in addition to these ten witnesses. Plaintiff seeks leave to depose two individuals who were not involved in Vassar's investigation or adjudication of the charges against him. As to the male student, Plaintiff "contemplates" deposing him because of the mere fact that he "underwent the disciplinary hearing process at Vassar College." This male student played no role whatsoever in the investigation or hearing at issue here. Plaintiff cannot show that Vassar discriminated against him because of his gender by showing that another student who is likewise male was disciplined by the school in an unrelated proceeding and received a different sanction.

As to Ms. Schrock, Plaintiff's vague statements about the relevancy of her testimony mischaracterize the record. Ms. Schrock did not conduct or participate in Vassar's investigation of Plaintiff nor did she testify at or serve on the hearing panel that expelled Plaintiff. As Plaintiff admits, Ms. Schrock merely attended the hearing as a support person for the Complainant and, as Plaintiff is also aware, the support person is not allowed to participate in any way during the hearing itself. By the close of discovery Plaintiff will have deposed five other Vassar faculty and administrators who were at the hearing and participated as panel chair, panel members, or investigator witness. Plaintiff has made no showing that Ms. Schrock's testimony would not be duplicative of that of these other witnesses. Further, to the extent Plaintiff would question Ms. Schrock for any information the Complainant may have disclosed to Ms. Schrock in her role as Coordinator of Vassar's Sexual Assault and Violence Prevention Program, such disclosure would be prohibited by New York's statutory privilege for rape crisis counselors. *See* CPLR 4510(b).

To meet his burden to show that cause exists to allow him to take more than ten depositions, Plaintiff would have to show that:

> (1) the proposed discovery is not "unreasonably cumulative or duplicative, or . . . obtainable from some other source that is more convenient, less burdensome, or less expensive," (2) the party seeking the proposed discovery has not previously "had ample opportunity by discovery in the action to obtain the information sought," and (3) that "the burden or expense of the proposed discovery [does not] outweigh[] its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."

---

2. Vassar does not object to Plaintiff deposing the Dean of the College or Dean of Students by written questions. The parties are conferring on the date for Mr. Roellke and Mr. Brown to be deposed by written questions.

*Jones v. McMahon*, 5:98-CV-0374 (FJS/GHL), 2007 U.S. Dist. LEXIS 50145, at *64-65 (N.D.N.Y July 11, 2007) (citations omitted).

"In practical terms, a party seeking leave to take more depositions . . . must make a particularized showing of why the discovery is necessary." *Scanlan v. Potter*, No. 1:05-CV-291, 2006 U.S. Dist. LEXIS 29181 (D. Vt. May 4, 2006). "Although a witness might have discoverable information, a party is not always entitled to depose that individual" if it would exceed the ten deposition limit set forth in Rule 30. *CFTC v. Commodity Inv. Group, Inc.*, 05 Civ. 5741 (HB), 2005 U.S. Dist. LEXIS 27454, at 882 (S.D.N.Y. Nov. 10, 2005).

Here, Plaintiff has not addressed, let alone met his burden to show that cause exists to grant him leave to depose Ms. Schrock and the unrelated male student. The "lack of justification for plaintiff's current last-minute effort to expand the scope of discovery as well as the procedural failings" of his request warrant denying Plaintiff leave to depose these witnesses. *Borsack v. Ford Motor Co.*, 04 Civ. 3255 (RCC) (MHD), 2006 U.S. Dist. LEXIS 40164, at 84-5 (S.D.N.Y. June 14, 2006).

For the foregoing reasons, Vassar requests that Plaintiff's motion for leave to depose Ms. Schrock and the unrelated male student be denied in all respects.

Respectfully submitted,

Alexander W. Bogdan

cc: Hon. Harold Baer, Jr. (via ECF)
      Andrew T. Miltenberg, Esq. (via ECF)
      Kimberly Lau, Esq. (via ECF)



Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726
hugheshubbard.com

May 7, 2014

**BY ECF AND FACSIMILE (212) 805-7928**

Hon. Michael H. Dolinger
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    Xiaolu "Peter" Yu v. Vassar College
             13-CV-4373 (HB) (MD)

Dear Judge Dolinger:

      We write on behalf of Vassar College in response to Plaintiff's May 6, 2014 letter to you.[1]

      The relief requested in Plaintiff's May 6, 2014 letter should be denied. As Plaintiff admits, he received the audio recording of his disciplinary hearing over six weeks ago, on March 21, 2014. Plaintiff has provided no explanation why he did not raise the issue of the alleged quality of the audio recording until May 6, 2014, ten days before the close of discovery. In any event, there is not a better quality copy of the recording to be produced.

      Plaintiff's request for leave to depose Julian Williams should be denied. Having conducted no depositions at all during the original discovery period, Plaintiff has jammed in all of the ten depositions permitted by Rule 30 in the last two weeks of the second extended discovery period,[2] has pending before the Court leave to take two more, by way of his most recent letter seeks yet another one, and by email to counsel yesterday, seeks to take yet another,[3]

---

1. As we were with Plaintiff's April 28, 2014 letter to Your Honor, we were again surprised to receive this letter as we continue to be unaware of any general reference to Your Honor for discovery in this case.

2. The discovery deadline is May 16, 2014. To date, five depositions have been taken, one of which remains to be completed.

3. Plaintiff asked Vassar by email on May 6, 2014 to consent to taking the deposition on May 15, 2014 of one student subject to the Court's April 8, 2014 Order that has not yet been deposed. Two depositions of Vassar employees were previously scheduled for that day. Plaintiff's counsel stated that she expected the first deposition to last from 9:30 am to 3 pm, the student's deposition from 3 pm to 4 pm, and that the third deposition, of panel member Jamie Kelly, would commence at 4 pm. Vassar objects to Plaintiff's attempts to depose the student in excess of the ten depositions allowed under Rule 30. Vassar further objects to its

(Footnote continued on next page)

for a total of fourteen. This is a classic case of a lawsuit in search of a claim, not a lawsuit to obtain relief on a claim. As the document production and depositions taken thus far have made clearer and clearer there was nothing wrong with the procedures that led to Plaintiff's expulsion. Plaintiff is casting his net wider and wider in a futile attempt to find some remnant of a claim. All of this costs money.

Plaintiff has not shown good cause to permit him at this late date to take Mr. Williams' deposition. It is understandable that Mr. Williams was not among the ten witnesses Plaintiff originally scheduled for deposition. As the documents produced by Vassar in February make clear, Mr. Williams played only a peripheral role in the investigation of the charges against Plaintiff, providing occasional guidance to or answering questions from Richard Horowitz, who actually conducted the investigation and who has been deposed at length.

As with the depositions requested in his April 28, 2014 letter, Plaintiff has not addressed the burden necessary to exceed ten depositions, let alone met such burden to show that leave is warranted here to take Mr. Williams' deposition. *See Jones v. McMahon*, 5:98-CV-0374 (FJS/GHL), 2007 U.S. Dist. LEXIS 50145, at *64-65 (N.D.N.Y July 11, 2007); *Scanlan v. Potter*, No. 1:05-CV-291, 2006 U.S. Dist. LEXIS 29181 (D. Vt. May 4, 2006); *CFTC v. Commodity Inv. Group, Inc.*, 05 Civ. 5741 (HB), 2005 U.S. Dist. LEXIS 27454, at 882 (S.D.N.Y. Nov. 10, 2005). Again, the "lack of justification for plaintiff's current last-minute effort to expand the scope of discovery as well as the procedural failings" of his request warrant denying Plaintiff leave to depose Mr. Williams. *Borsack v. Ford Motor Co.*, 04 Civ. 3255 (RCC) (MHD), 2006 U.S. Dist. LEXIS 40164, at 84-5 (S.D.N.Y. June 14, 2006).

For the foregoing reasons, Plaintiff's request for the relief sought in its May 6, 2014 letter should be denied in all respects.

Respectfully submitted,

Alexander W. Bogdan

cc: Hon. Harold Baer, Jr. (via ECF)
     Andrew T. Miltenberg, Esq. (via ECF)
     Kimberly Lau, Esq. (via ECF)

---

(Footnote continued from prior page)
employees being deposed late into the evening. Should Plaintiff seek leave to take the student's deposition and should such leave be granted, Vassar requests that the Court limit the time of Jamie Kelly's deposition to three hours, or no later than 7:00 p.m. should Plaintiff delay in commencing the deposition after 4 pm.

64133652_2