UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

XIAOLU "PETER" YU,

                              Plaintiff,

        - against -

VASSAR COLLEGE,

                              Defendant.

CASE NO. 13-cv-04373 (HB) (MHD)

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT VASSAR COLLEGE'S MOTION FOR SUMMARY JUDGMENT

## TABLE OF CONTENTS

                                                                          Page(s)

INTRODUCTION .................................................................................................................................1

STATEMENT OF FACTS ....................................................................................................................1

ARGUMENT .........................................................................................................................................2

I.     CONSTITUTIONAL DUE PROCESS RIGHTS ARE NOT IMPLICATED HERE ..................2

II.    YU HAS FAILED TO RAISE A TRIABLE ISSUE OF MATERIAL FACT THAT WOULD PRECLUDE DISMISSAL OF HIS TITLE IX CLAIM ..........................3

       A.    Yu's Expulsion Was Not the Result of a Flawed Proceeding Motivated by Bias ..................................................................................................................4

             1.    The Panel Members Were Impartial ...............................................................4

             2.    Yu Had Adequate Notice of His Hearing .......................................................5

             3.    Yu Examined the Witnesses at his Hearing ...................................................5

             4.    There Was No Presumption of Guilt ..............................................................6

             5.    Vassar Provided Yu with Written Notice of its Decision .............................7

             6.    Vassar Followed Its Procedures .....................................................................7

                  (a)    Vassar's Panelists and Investigator Received Training ...................7

                  (b)    Yu's Expulsion was Within Vassar's Established Parameters ....................................................................................7

                  (c)    Yu Presented Evidence to the Panel .................................................8

             7.    There is No Evidence of Disparate Treatment ..............................................8

       B.    There is No Evidence of Selective Enforcement .......................................................9

III.   YU HAS FAILED TO RAISE A TRIABLE ISSUE OF MATERIAL FACT THAT WOULD PRECLUDE DISMISSAL OF HIS BREACH OF CONTRACT CLAIM ..............................................................................................................................9

CONCLUSION ....................................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Bleiler v. College of the Holy Cross*, No. 11-11541-DJC, 2013 U.S. Dist. LEXIS 127775 (D. Mass. Aug. 28, 2013) ................................................................................. 9

*Boyd v State Univ. of N.Y. at Cortland*, 110 A.D.3d 1174 (3d Dep't 2013) .................... 7

*Cooper v. Gustavus Adolphus College*, 957 F. Supp. 191 (D. Minn. 1997) .................... 2

*Corso v. Creighton University*, 731 F.2d 529 (8th Cir. 1984) ........................................ 10

*Deebs v. ALSTOM Transp., Inc.*, 346 Fed. App'x 654 (2d Cir. 2009) ............................. 2

*Dixon v. Alabama State Board of Education*, 294 F.2d 150 (5th Cir. 1961) ................... 9

*Doe v. University of the South,* 687 F. Supp. 2d 744 (E.D. Tenn. 2009) ..................... 3, 5

*Donohue v. Baker*, 976 F. Supp. 136 (N.D.N.Y. 1997) ............................................. 3, 5, 6

*Johnson v. Temple Univ.*, No. 12-515, 2013 U.S. Dist. LEXIS 134640 (E.D. Pa. Sept. 19, 2013) ........................................................................................................ 3, 5, 6

*Marshall v. Jerrico, Inc.*, 446 U.S. 238 (1980) ................................................................. 4

*Meiri v. Dacon*, 759 F.2d 989 (2d Cir. 1985) ................................................................... 2

*Merritt v. Mackey*, 827 F.2d 1368 (9th Cir. 1987) ........................................................... 3

*Mostaghim v. Fashion Institute of Technology*, No. 01 Civ. 8090(HB), 2002 WL 1339098 (S.D.N.Y. 2002) ............................................................................................ 10

*Mu Chapter of Delta Kappa Epsilon v. Colgate University*, 176 A.D.2d 11 (3d Dep't 1992) ....................................................................................................................... 3

*In re Murchison*, 349 U.S. 133 (1955) .............................................................................. 4

*Osteen v. Henley*, 13 F.3d 221 (7th Cir. 1993) .............................................................. 3, 5

*Matter of Rensselaer Society of Engineers v. Rensselaer Polytechnic Institute*, 260 A.D.2d 992 (3d Dep't 1999) .......................................................................................... 3

*Routh v. University of Rochester*, No. 11-CV-6606 CJS, 2013 WL 5943926 (W.D.N.Y. Nov. 5, 2013) ......................................................................................... 9, 10

*Starishevsky v. Hofstra Univ.*, 161 Misc. 2d 137 (Sup. Ct., Suffolk Co. 1994) ............... 3

*Tedeschi v. Wagner College,* 49 N.Y.2d 652 (1980) ....................................................................3

*Tumey v. Ohio*, 273 U.S. 510 (1927) ..........................................................................................6

*Ward v. New York Univ.*, No. 99 Civ. 8733 (RCC), 2000 WL 1448641
 (S.D.N.Y. Sept. 28, 2000) ..................................................................................................10

*Yusuf v. Vassar College*, 35 F.3d 709 (2d Cir. 1994) ...............................................................2, 8

**STATUTES AND RULES**

S.D.N.Y. Local Rule 56.1 ............................................................................................................1

# INTRODUCTION

Plaintiff Yu's Opposition to Vassar's Motion for Summary Judgment shows that Yu has no defense to Vassar's motion. There is absolutely no evidence demonstrating that Vassar discriminated against Yu because of his gender or that Vassar failed to substantially comply with its policies when it expelled him. Recognizing his inability to raise a single issue of material fact that would preclude dismissal of his claims, Yu has attempted to manufacture issues out of whole cloth by mischaracterizing the record and engaging in rampant speculation and conjecture. Notwithstanding all of this, the undisputed record, including Yu's own admissions, conclusively establishes that there is no genuine issue for trial in this case.

# STATEMENT OF FACTS

Relevant facts are set forth in Vassar's Motion and Statement of Undisputed Facts (the "56.1 Statement"). Among other things, Yu has not cited to any admissible evidence to contradict the following facts:[1]

- Yu received written notice of the date of his hearing and the regulations he was accused of having violated eight days prior to his hearing. (56.1 Response ¶ 13.).

- Yu reviewed the hearing file three days prior to his hearing which included, among other things, his statement, witness statements, the investigation report, the names of the hearing witnesses, and the names of the panel members. (*Id.* ¶ 23a.)

- Information presented to the panel at Yu's hearing, through witness testimony and the investigator's report, included the following:

    o Yu's own testimony and written statement (*id.* ¶¶ 23a, 28a)

    o Complainant's testimony and written statement (*id.* ¶¶ 23a, 28a, 31a)

---

1. In his Counter-Statement Pursuant to S.D.N.Y. Local Rule 56.1(the "56.1 Response") Yu repeatedly either denies paragraphs in Vassar's 56.1 Statement, or admits paragraphs while claiming they are incomplete, without setting forth any facts or admissible evidence that controvert the paragraphs he denies or claims are incomplete. *See generally* Vassar's Reply in Further Support of its Statement of Uncontested Facts. Yu also served his 56.1 Response late. He was required to serve the 56.1 Response on May 16, 2014 but did not serve it until May 19 and did not file it until May 20. Reply Declaration of Alexander W. Bogdan ("Bogdan Reply Decl.") ¶ 3. Accordingly, Vassar's Rule 56.1 Statement should be deemed admitted in its entirety.

- - Vassar's Title IX investigator's testimony and report (*id.* ¶¶ 23a, 28a, 29)
  - Testimony and statements from three witnesses, including two witnesses who testified that they observed Complainant on the night in question and were so concerned over her obvious level of intoxication that they attempted to intervene to prevent a sexual encounter. (*id.* ¶¶ 23a, 28a, 38a, 43a-c)
  - Facebook messages exchanged between Yu and Complainant after the incident in which he acknowledged Complainant was intoxicated on the night in question stating "I was so drunk I didn't know what I was doing. I am sure that's the case for you as well." (*id.* ¶¶ 50a-b, 51a.)
- The hearing panel unanimously found that Yu was responsible for violating Vassar's regulations and that he should be expelled. (*Id.* ¶¶ 52a, 55a.)
- Expulsion is within the range of sanctions available for violation of the regulations Yu was found to have violated. (*Id.* ¶ 16a.)
- Yu received written notice of his expulsion the morning after his hearing. (*Id.* ¶ 56.)
- Yu appealed the decision to Vassar's College Regulations Appeal Panel, which upheld his expulsion. (*Id.* ¶¶ 57, 64a.)

## **ARGUMENT**

A plaintiff may not rely on unsupported conclusory statements to defeat a motion for summary judgment. *Deebs v. ALSTOM Transp., Inc.*, 346 Fed. App'x 654, 656 (2d Cir. 2009); *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir. 1985). Yu's Opposition is replete with conclusory statements of purported gender bias and procedural failures unsupported by the record evidence.

### **I.    CONSTITUTIONAL DUE PROCESS RIGHTS ARE NOT IMPLICATED HERE**

Yu's arguments that Vassar violated his due process rights miss the mark completely—Title IX does not create due process rights at private institutions like Vassar. The Second Circuit rejected that argument in *Yusuf v. Vassar College*, 35 F.3d 709 (2d Cir. 1994). *See Cooper v. Gustavus Adolphus College*, 957 F. Supp. 191, 194 (D. Minn. 1997) ("Under *Yusuf*, there is no Title IX statutory due process right separate from a right to be free from discrimination, even for a student."). Absent state involvement, disciplinary proceedings at

2

private colleges "do not implicate the 'full panoply of due process guarantees'." *Matter of Rensselaer Society of Engineers v. Rensselaer Polytechnic Institute*, 260 A.D.2d 992, 994 (3d Dep't 1999) (quoting *Mu Chapter of Delta Kappa Epsilon v. Colgate University*, 176 A.D.2d 11, 13 (3d Dep't 1992)). *See also Tedeschi v. Wagner College,* 49 N.Y.2d 652, 662 (1980).

*Starishevsky v. Hofstra Univ.*, 161 Misc. 2d 137 (Sup. Ct., Suffolk Co. 1994), does not suggest otherwise. There, the court addressed a terminated professor's state law claims and ordered he be reinstated where he was terminated in violation of the school's policies after a disciplinary panel found he had not committed sexual harassment. *Id.* at 147. Yu's citation to authorities addressing alleged due process violations by state actors does not provide reason for the Court to deny Vassar's motion.[2]

## II. YU HAS FAILED TO RAISE A TRIABLE ISSUE OF MATERIAL FACT THAT WOULD PRECLUDE DISMISSAL OF HIS TITLE IX CLAIM

Title IX does not allow Yu to retry Vassar's disciplinary hearing, yet that is what he asks the Court to do here. *Doe v. University of the South,* 687 F. Supp. 2d 744, 755 (E.D. Tenn. 2009). Yu argues that Vassar simply got it wrong and should have believed him over Complainant and the other witnesses who corroborated her claims. However, "[t]his Court is not asked to make an independent determination as to what happened between the Plaintiff . . . and Complainant." *Id.* at 756. Yu must identify genuine issues of material fact that show his

---

2. *See Osteen v. Henley*, 13 F.3d 221, 225 (7th Cir. 1993) (due process claim against a state university); *Merritt v. Mackey*, 827 F.2d 1368, 1369 (9th Cir. 1987) (former drug center employee sued government officials who threatened to deny funding to center if he was not terminated); *Johnson v. Temple Univ.*, No. 12-515, 2013 U.S. Dist. LEXIS 134640, *26-27 (E.D. Pa. Sept. 19, 2013) (granting summary judgment in favor of public university on due process claims); *Donohue v. Baker*, 976 F. Supp. 136, 146 (N.D.N.Y. 1997) (due process claim brought against state university officials); United States Department of Education, Office of Civil Rights, Revised Sexual Harassment Guidance Harassment Of Students By School Employees, Other Students, or Third Parties, 22 (January 2001) (available at http://www2.ed.gov/about/offices/list/ocr/docs/shguide.pdf and incorrectly cited by Yu as 66 Fed. Reg. 5512 at 22) ("The Constitution also guarantees due process to students in *public and State-supported schools* who are accused of certain types of infractions") (emphasis added).

expulsion was the result of a flawed procedure motivated by gender bias or because of selective enforcement based on his gender. His failure to do so warrants dismissal of his Title IX claim.

A.     <u>Yu's Expulsion Was Not the Result of a Flawed Proceeding Motivated by Bias</u>

Yu points to no evidence that Vassar's procedure was flawed because of gender bias, other than his own conclusory statements that it must have been biased because he was expelled.

1.     <u>The Panel Members Were Impartial</u>

There is no evidence that would show that Yu was denied an impartial tribunal nor does Yu identify any authority that would suggest Vassar violated Title IX by having a mixed-gender, all-faculty panel serve at his hearing. The authorities cited by Yu in support of this argument do not address Title IX. *See Marshall v. Jerrico, Inc.*, 446 U.S. 238 (1980) (addressing civil penalties assessed by government for violating child labor provisions of the Fair Labor Standards Act); *In re Murchison*, 349 U.S. 133 (1955) (overturning contempt of court conviction where Michigan law allowed a judge to serve as a "one-man grand jury").

Yu requested that the gender of the panel be mixed, and it was—two panelists, Sophia Harvey and Jane Parker, were female, and one, Jamie Kelly, was male. (Inoa Dep. 150:9-18.)[3] Yu complains that the panel was not impartial because Complainant's father is a faculty member, but there is no evidence that the panel members were aware of that fact at the time of his hearing. As deposition testimony made clear, Vassar does run a "conflict of interest check" prior to a hearing and did so here. (*See* Parker Dep. 31:21-33:17; Harvey Dep. 36:9-22,

---

3. References to "Inoa Dep." refer to the deposition of Luis Inoa; references to Parker Dep." refer to the deposition of Jane Parker; references to "Harvey Dep." refer to the deposition of Sophia Harvey; references to "Horowitz Dep." refer to the deposition of Richard Horowitz; references to Schrock Dep. refer to the deposition of Elizabeth Schrock. Excerpts from these depositions are attached as Exhibits to the Bogdan Reply Decl.

68:3-17; Horowitz Dep. 197:14-198:14; 235:4-14.)

### 2. Yu Had Adequate Notice of His Hearing

Yu admits he was notified of the charges against him eight days prior to his hearing and that he reviewed his hearing file three days prior to his hearing. (56.1 Response ¶ 13.) He fails to identify any authority that would suggest the notice he received violates Title IX; indeed, Courts have found to the contrary. *See, e.g., Doe,* 687 F. Supp. 2d at 753 (dismissing plaintiff's Title IX claim when he was provided notice one day before his disciplinary hearing).

There also is no evidence that Vassar prevented Yu from consulting with counsel prior to his hearing. As the authorities Yu cites have held, a student does not have the right to have counsel present at a disciplinary hearing even when due process concerns are implicated at state-run institutions. *See Osteen*, 13 F.3d at 225; *Johnson*, 2013 U.S. Dist. LEXIS 134640, at *26-27; *Donohue*, 976 F. Supp. at 146.

### 3. Yu Examined the Witnesses at his Hearing

The record evidence is undisputed that Yu was allowed to and did examine the witnesses at his hearing. (56.1 Statement ¶ 30; 56.1 Response ¶ 30a.) Yu directed his questions orally to Mr. Inoa, who then asked the witness the question and relayed the answer to Yu. (Yu Dep. 110:7-22; Inoa Dep. 73:15-74:4.) Despite alleging that he had "many" questions from his "list" denied by Mr. Inoa, Yu fails to identify a single question Mr. Inoa did not ask. As Mr. Inoa testified, the only times he did not relay a question was if Yu had already repeatedly asked that same question. (*See generally* Inoa Dep. 73-74, 78-79, 80-85.) Yu also does not contend "that his direct cross-examination of the witnesses would have brought forth exculpatory facts." *Johnson*, 2013 U.S. Dist. LEXIS 134640 at *30.

There is also no authority that support's Yu's argument that Vassar violated Title IX because it believed witnesses who he now argues were not credible. Yu's argument that "no

attempt was made to assess the credibility of witnesses" is directly contradicted by deposition testimony. (Opposition at 4; *see* Horowitz Dep. 276:20-277:10; 279:11-283:6; Harvey Dep. 99:16-23.) Yu complains that the witnesses were not sworn at his hearing, but identifies no authority that suggests sworn testimony is required by Title IX.[4]

As even the authority Yu cites recognizes, Vassar's procedure would meet Constitutional due process requirements were they applicable. *Johnson*, 2013 U.S. Dist. LEXIS 134640 at *30-31 ("due process was not violated" where a student "submitted questions through the [panel] Chair, provided his version of events during the Hearing, and presented a closing argument."). *Donohue v. Baker*, 976 F. Supp. 136 (N.D.N.Y. 1997), does not suggest otherwise. The court in *Donohue* denied summary judgment on the plaintiff's due process claims against state university officials where, unlike here, the record was not clear whether the plaintiff had actually been allowed to ask questions at the hearing through the panel chair. *Id.* at 147.

### 4. There Was No Presumption of Guilt

There is no evidence that Yu was presumed guilty by Vassar.[5] Vassar requires that the panel must find a student to have violated its regulations by a preponderance of the evidence, and Yu acknowledges that the panel members were aware of this standard. (Opposition at 18.) There is no question that this standard is in compliance with the Office of Civil Rights' Title IX regulations and guidance. *See* Dear Colleague Letter at 10-11.

---

4. Yu identifies no authority to show that it was improper for Vassar's investigator to testify at the hearing. The cited authorities are irrelevant to his claim. *See Tumey v. Ohio*, 273 U.S. 510 (1927) (Taft, C.J.) (reversing appellant's conviction for "unlawfully possessing intoxicating liquor" in violation of Ohio's Prohibition Act); *Dr. Bonham's Case*, 8 Co.114a, 118a (1610)(Coke, L.) (overturning England's College Physicians Act of 1553 which allowed the college to jail someone who practiced medicine without a license).

5. Contrary to Yu's mischaracterization, nowhere in the email Yu cites does "Vassar's President [] recognize[] that when two students are drunk, only the female is considered incapable of giving consent." (Opposition at 17.)

64267888_2

5. <u>Vassar Provided Yu with Written Notice of its Decision</u>

Vassar complied with Title IX by providing Yu with written notice of the outcome of the hearing, which he admitted he received. (*See* Dear Colleague Letter at 13; Yu Dep. 173:14-174:12, 176:18-177:15; Brown Aff. Ex. D.) Yu complains that he did not receive a different document—one sent by the panel chair to the Dean of Students informing him of the panel's findings—but identifies no authority that suggests that the notice he did receive did not comply with Title IX. Yu again relies upon irrelevant case law addressing due process claims brought against a state school. *See Boyd v State Univ. of N.Y. at Cortland*, 110 A.D.3d 1174, 1176 (3d Dep't 2013).

6. <u>Vassar Followed Its Procedures</u>

Yu cites to no evidence in the record that would show Vassar violated its own procedures in expelling him, let alone that it violated these procedures because of gender bias.

*(a) Vassar's Panelists and Investigator Received Training*

The record is clear that that the panelists and investigator received Title IX training. Contrary to Yu's mischaracterizations, both voting panel members deposed by Yu[6] and Vassar's investigator testified about the amount of training they received and the content of such training. (*See* Parker Dep. 11:5-13:24, 25:17-21; Harvey Dep. 9:9-12:16; 14:9-17:25; 25:21-27:21; 28:22-29:13; 39:2-46:5; 57:20-61:9; Horowitz Dep. 7:11-16:3; 25:10-36:10; 101:14-102:2; 107:11-111:14; 112:6-14.)

*(b) Yu's Expulsion was Within Vassar's Established Parameters*

It is undisputed that Yu's expulsion was within Vassar's established sanctioning

---

6. Yu has not yet deposed the male voting panel member, Jamie Kelly. Yu identifies no evidence to dispute that Mr. Kelly received Title IX training. (*See* Kelly Aff. ¶ 2).

parameters. (56.1 Response ¶ 16a.) The fact that Vassar has given other male students lesser sanctions does not show that Vassar discriminated against Yu because of his gender. Yu's statement that "panel members could not explain why the penalty was severe" is incorrect. (Opposition at 11.) As Mr. Inoa testified, the decision to expel Yu was based on several factors including: (1) Yu's anger and lack of remorse for his actions; (2) concern about Complainant's safety; and (3) concern about the safety of the Vassar community. (*See* Inoa Dep. 117:9-118:23.)

*(c)     Yu Presented Evidence to the Panel*

It is undisputed that Yu was allowed to and did present evidence to the panel—*i.e.*, his own testimony and the Facebook messages that confirmed his awareness of the Complainant's level of intoxication. (56.1 Response ¶¶ 23a, 28a, 50a-b, 51a.) Yu's claim that Mr. Horowitz admitted at deposition "that he did not mention those Facebook messages in his report" is simply incorrect. (Opposition at 9.) To the contrary, the Facebook messages are discussed on the very first page of Mr. Horowitz's investigative summary. (Horowitz Aff. Ex. F at VAS 00000423.) Plaintiff's reliance on *Yusuf* is also misplaced. *Yusuf* addressed the pleading standard necessary to allege a Title IX claim, not the evidence that a plaintiff must put before the court to defeat a motion for summary judgment. 35 F.3d at 715-716.

7.     There is No Evidence of Disparate Treatment

Yu cannot show that he was subject to disparate treatment because the Complainant was provided with resources as a sexual assault victim since Yu concedes he was advised in writing that such resources were available to him and admitted that he never made any attempts to take advantage of them. (Bogdan Decl. Ex. C at 00017-18; Yu Dep. 106:9-11.) Indeed, Vassar has provided such services to students accused of sexual misconduct in the past. (*See* Schrock Dep. 43:17-46:11.) Yu's complaint that "no one explained to him his rights" is incorrect. (Opposition at 21.) He was given written explanations of his rights under Vassar's

8

policies, including in documents produced by Yu himself in this litigation. (*See* Bogdan Decl. Ex. C; Brown Aff. Ex. C.) Yu also compares apples to oranges when he complains that his request to adjourn the *hearing* was denied but Complainant's request to be excused from a *midterm* was granted. (Opposition at 21.) Yu puts forth no evidence that he made a similar request that he be granted extra time or be excused from any midterms.

      B.     <u>There is No Evidence of Selective Enforcement</u>

There is no evidence in the record of selective enforcement. Yu's complaints of a "presumption of male guilt" are contradicted by the record evidence. Indeed, Yu notes that Vassar has expelled two female students for making false bias claims. (Yu Decl. ¶ 21, Ex. C.) Further, as Vassar's investigator testified at deposition, just weeks prior to Yu's hearing, another male student accused of having sex with an incapacitated female student was found not to have violated the regulations under which Yu was charged. (*See* Horowitz Dep. 86:14-87:8.) Thus, Yu cannot show that he was expelled because he was male or because Vassar presumes the truth of accusations made by female students. *Bleiler v. College of the Holy Cross*, No. 11-11541-DJC, 2013 U.S. Dist. LEXIS 127775, at *17, n.4 (D. Mass. Aug. 28, 2013); *Routh*, 2013 WL 5943926, at *21.

**III.    YU HAS FAILED TO RAISE A TRIABLE ISSUE OF MATERIAL FACT THAT WOULD PRECLUDE DISMISSAL OF HIS BREACH OF CONTRACT CLAIM**

Yu also has not shown any genuine issues of material fact that would warrant trial on his breach of contract claim. As discussed *supra*, there is no evidence that would show Vassar failed to substantially comply with its policies when it expelled Yu. Again, Yu cites to authorities wholly unrelated to the facts and law at issue here. *See Dixon v. Alabama State Board of Education*, 294 F.2d 150 (5th Cir. 1961) (reversing public school's expulsion of African-American students for having a "sit-in" at a lunch counter that refused to serve them);

9

*Corso v. Creighton University*, 731 F.2d 529, 530 (8th Cir. 1984) (student stated claim for breach of contract under Nebraska law when expelled *without a hearing* required by the university's policies). As in *Mostaghim v. Fashion Institute of Technology,* summary judgment should be granted in favor of Vassar because Yu's arguments are "either simply wrong or lacking in substance" and "can be summarily dismissed." No. 01 Civ. 8090(HB), 2002 WL 1339098 at *6 (S.D.N.Y. 2002) (Baer, J.). *See also Routh v. University of Rochester*, No. 11-CV-6606 CJS, 2013 WL 5943926, at *17-19 (W.D.N.Y. Nov. 5, 2013); *Ward v. New York Univ.*, No. 99 Civ. 8733 (RCC), 2000 WL 1448641, at * 5 (S.D.N.Y. Sept. 28, 2000) (Casey, J.).[7]

## CONCLUSION

For the foregoing reasons, Vassar's motion for summary judgment should be granted in its entirety.

Dated: New York, New York
May 29, 2014

    Respectfully submitted,

    HUGHES HUBBARD & REED LLP

    By: /s/ George A. Davidson
        George A. Davidson
        Ned H. Bassen
        Alexander W. Bogdan
        One Battery Park Plaza
        New York, New York 10004
        (212) 837-6000
        davidson@hugheshubbard.com
        bassen@hugheshubbard.com
        bogdan@hugheshubbard.com

    Attorneys for Defendant Vassar College

---

7. As to his remaining state law claims, Yu identifies no authorities that would support denying Vassar's motion and does little more than recite the elements of his claims.