# EXHIBIT B TO THE AFFIDAVIT OF LUIS INOA

**From:** Luis Inoa [inoa@vassar.edu]
**Sent:** Thursday, March 21, 2013 12:16 PM
**To:** David Brown; Christopher Roellke
**Subject:** Response to Appeal
**Attachments:** responsetoappeal.docx

Let me know if this is sufficient.

Luis

CONFIDENTIAL                                                                                                                              VAS 00001054

Not bolded font: Peter Yu's language

**Bolded: Luis Inoa (LI) response.**

---

There are procedure errors are substantially affected the outcome of the hearing and the bias caused by the investigator's prejudice severely impacted the outcome of the panel.

1. Against the regulation of Vassar, the investigator failed to withhold important evidence that prove my innocence and provided it to the complainant as soon as it was provided to him, allowing her to see my statement and evidence before the hearing and allowing her to prepare for the hearing for a much longer time to explain her story, in an attempt to explain away the evidence.

    i. **As part of the investigation the investigators found it appropriate to follow up with the complainant about new evidence that was provided. Nothing in the handbook/process/procedures prevents this from happening.** *LI conferred with RH.*

2. Pursuant to the Regulation of Vassar I have the right to read all written statements of witness prior to the hearing. There are two written statements or emails made by both [Redacted] [Redacted] about their observation on the night of the incident. The investigator acknowledged the acquisition of the witness statement but did not present them to me prior to the hearing nor to the panel. He also claimed that there were only three relevant witnesses, but there are two more, thus intentionally misled to the panel.

    ii. **The investigators questioned both [Redacted]. After the investigation the [Redacted] in question did have any relevant information in regards to the incident.** *LI conferred with RH.*

3. The investigation report was scant of factual evidence other than the unsupported statement of the complainant. Rather, the report contains, in large measure, conclusion-based statements iterating the statements of the complainant. The panel improperly considered these unsupported conclusions.

> iii. **The statement of the witnesses is evidence. The charge of the panel is to determine whether or not there is a preponderance of evidence. The primary question the panel had to contend with was whether or not the complainant was incapacitated.** *LI.*

4. The investigator also describes the complainant's claimed feelings in both his written report and his statement. Feelings are assumptions and conclusions, not factual evidence, and the presentation of these feelings as part of the investigation report is improper. This evidence also adversely affected the panelists' judgments and resulted in immense bias.

> iv. **The report uses "feelings" for matters pertinent to the incident.** *LI conferred with RH.*

5. The witnesses' statements presented by the investigator to the panelists included an irrelevant sexual assault allegation done by the witness on behalf of another witness. The additional informal allegations could not and should not have been included as evidence. The investigator's choice of evidence present caused serious prejudice against me and no actions have been done to filter this irrelevant information nor to check the prior history sexual history of mine to remove the biased caused by this information.

> v. **The informal allegations were present in a written statement from one of the witnesses. It was not redacted. This was not in the investigator notes; it was not discussed during the hearing or by the panel when conferring about responsibility or sanction.** *LI.*

6. By the Vassar regulation, I have the right to ask any relevant questions and I was not allowed to ask many relevant questions by the panel, which would have affected the complainant's credibility, and remember that the complainant's statement was the only evidence against me. If the questions were asked and the witness was made to answer these questions, it would have helped prove my innocence. In fact, the only rational reason they could have found against me based upon the total lack of factual evidence is the existence of bias.

> vi. **The hearing went on for about 5 hours. The reason that it went on**

for as long as it did was due to Peter's questioning. At times, as chair, I did have to let Peter know that the questions were redundant and the answers he was seeking had already been provided. *LI*

7. By the Vassar Regulation, I have to right to have unbiased panelists. It is noteworthy that the complainant's [Redacted] and the panelists are also [Redacted] No information has been disclosed to me to address this matter and make sure that the panelists are not biased in anyway prior to the hearing.

> vii. **Panelists are screened prior to a hearing and are relieved of the case if there is a conflict of interest. Potential panelists are made aware of who is involved in the case.** *LI.*

8. I did not have adequate time to prepare for the panel and as I requested a delay of the hearing, the requested was refused with the reason that March break would start the day after the panel and the school did not want to wait for so long.

> viii. **The accused was given 5 working days to prepare and accessed the case files at least 6 to 7 times.** *LI conferred with Dean of Student Admin. Assistant.*

9. By the Vassar Regulation I have the right to know that the panelists receive annual Sexual Misconduct trainings and no proof have been provided to ensure the adequate training of the panelists.

> ix. **Panelists in question each referred to their Title IX training with Scott Lewis during deliberation. Scott Lewis has trained them all.** *LI conferred with Dean of Student.*

10. The [Redacted] have provided written witness statements and these were not disclosed to any participant of the panel.

> x. **The investigators questioned both** [Redacted] **After the**

> investigation the [Redacted] in question did have any relevant information in regards to the incident. *LI conferred with RH.*

11. Besides the two witnesses that the investigator purposely omitted, there is one more witness [Redacted] who saw the interaction between the complainant and I. All of the three witnesses above could provide witness that would clearly oppose the complainant's statement and show that that's untrue.

> xi. **The name [Redacted], was not brought up during the investigation. This is not new evidence that was not known. It is possible evidence that was not shared by the accused.** *LI.*

12. The sanctions imposed are disproportionate to the severity of the violations and outside of the parameter set by the college.

> xii. **The investigator did ask the panel to not only keep in mind the safety complainant but the safety of the campus when deciding on sanctions. This recommendation is consistent with his responsibility as an investigator. The sanction given was within the parameters set by the college.** *LI.*