# EXHIBIT C TO THE AFFIDAVIT OF CHRISTOPHER ROELLKE

**From:** vassar [xiyu@vassar.edu]
**Sent:** Friday, March 15, 2013 5:20 PM
**To:** Christopher Roellke
**Subject:** Letter of appeal
**Attachments:** letter of appeal.docx; Untitled attachment 186234.txt

Dear Mr. Roellke,

I have attached my letter of appeal in this email as my request to appeal the decision by the Interpersonal Violence Panel.

Thank you.
Peter

CONFIDENTIAL
VAS 00001366

To the College Regulation Appeals Committee:

I am writing this letter as my appeal on the decision and sanction made by the College Interpersonal Violence panel on March 7th regarding the alleged violation of college regulations:

**Discrimination and Harassment, Sexual Misconduct (5.05)** and

**Sexual Offenses (20.01).**

The incident traces back to more than one year ago. I was a freshman at Vassar and joined the rowing team, in which I met the complainant. On the night of February 18th 2012, we engaged in consensual sex after a rowing party. We had maintained a friendship for a few months then became slowly estranged as I started shifting my energy on academics and made less contact with her. On February 18th 2013, exactly one year after we slept together, she suddenly alleged me to the college for forcing her for sex one year from now. There was no record or evidence of what happened one year ago, so we both testified to the Interpersonal Violence Panel of what happened on that night. Throughout the panel I was telling the truth of how we agreed to sleep with each other yet the girl was telling a different story, asserting that I had used force to make her comply. The panel chose to believe her and expelled me as a result on March 8th 2013.

As you can imagine, I have much concern and frustration about how panel came to the decision and sanctions, as the only "factual" evidence was the complainant's statement. No physical evidence was admitted because was none. The panel and the investigator knee-jerkingly accepted the complainant's words and disregard all the rest, much of which militates strongly in suggestion of my innocence. No reasonable person, free from bias, would properly come to that conclusion, which the panel did, based on the paucity of factual evidence. Simply stated, the decision made by the panel was not supported by the preponderance of evidence. Even the investigator admitted that there was no conclusive factual evidence that would support a finding of reasonable charge against me.

The of appeal is made based on the following grounds:
a. **Procedural errors that caused prejudice and substantially affected the outcome of the hearing.**

   b. **To consider new evidence, unavailable at the time of the original hearing or investigation, that could substantially impact the original finding or sanction.**
   c. **The sanctions imposed are disproportionate to the severity of the violations and outside of the parameter set by the college.**
   d. **The decision of the panel was based upon insufficient factual evidence.**
   e. **The appellant is deserved of special consideration due to exigent circumstances.**
   f. **Inadequate timely notice and preparation time.**
   g. **Failures to have to panelists receive annual sexual misconduct training.**
   h. **Failure to arrange presence of and appointing to question revevant witnesses.**
   i. **Admission of irrelevant prior sexual allegations as evidence.**

**There are procedure errors are substantially affected the outcome of the hearing and the bias caused by the investigator's prejudice severely impacted the outcome of the panel.**

   1. Against the regulation of Vassar, the investigator failed to withhold important evidence that prove my innocence and provided it to the complainant as soon as it was provided to him, allowing her to see my statement and evidence before the hearing and allowing her to prepare for the hearing for a much longer time to explain her story, in an attempt to explain away the evidence.

   2. Pursuant to the Regulation of Vassar I have the right to read all written statements of witness prior to the hearing. There are two written statements or emails made by [Redacted] about their observation on the night of the incident. The investigator acknowledged the acquisition of the witness statement but did not present them to me prior to the hearing nor to the panel. He also claimed that there were only three relevant witnesses, but there are two more, thus intentionally misled to the panel.

   3. The investigation report was scant of factual evidence other than the unsupported statement of the complainant. Rather, the report contains, in large measure,

conclusion-based statements iterating the statements of the complainant. The panel improperly considered these unsupported conclusions.

4. The investigator also describes the complainant's claimed feelings in both his written report and his statement. Feelings are assumptions and conclusions, not factual evidence, and the presentation of these feelings as part of the investigation report is improper. This evidence also adversely affected the panelists' judgments and resulted in immense bias.

6. The witnesses' statements presented by the investigator to the panelists included an irrelevant sexual assault allegation done by the witness on behalf of another witness. The additional informal allegations could not and should not have been included as evidence. The investigator's choice of evidence present caused serious prejudice against me and no actions have been done to filter this irrelevant information nor to check the prior history sexual history of mine to remove the biased caused by this information.

7. By the Vassar regulation, I have the right to ask any relevant questions and I was not allowed to ask many relevant questions by the panel, which would have affected the complainant's credibility, and remember that the complainant's statement was the only evidence against me. If the questions were asked and the witness was made to answer these questions, it would have helped prove my innocence. In fact, the only rational reason they could have found against me based upon the total lack of factual evidence is the existence of bias.

8. By the Vassar Regulation, I have to right to have unbiased panelists. It is noteworthy that the complainant's [Redacted] and the panelists are also [Redacted] No information has been disclosed to me to address this matter and make sure that the panelists are not biased in anyway prior to the hearing.

9. I did not have adequate time to prepare for the panel and as I requested a delay of the hearing, the requested was refused with the reason that March break would start the day after the panel and the school did not want to wait for so long.

10. By the Vassar Regulation I have the right to know that the panelists receive annual Sexual Misconduct trainings and no proof have been provided to ensure the adequate training of the panelists.

11. The [Redacted] have provided written witness statements and these were not disclosed to any participant of the panel.

Besides the two witnesses that the investigator purposely omitted, there is one more witness [Redacted] who saw the interaction between the complainant and I. All of the three witnesses above could provide witness that would clearly oppose the complainant's statement and show that that's untrue.

**The sanctions imposed are disproportionate to the severity of the violations and outside of the parameter set by the college.**

The investigator repeatedly in his statement before the sanctions were made, states that the charge I was found responsible for should be punished severely. He had no right to do so and the panel had no right to rely upon this inadmissible testimony.

I am deserving of special consideration due to exigent circumstances. I am an international student and the expulsion will result in an almost immediate deportation. If the sanctions were, say, a six-month suspension, which will be reconsidered and a new sanction would then be imposed, from a list of all possible sanctions. It would allow me time to reapply and be admitted to another university and not be deported.

A rehearing of the audio record of the panel would reveal that the complainant's statement were full of inconsistencies and contradictions, while the investigator had to admit under pressure that "there are no conclusive" evidence, while the panel still decided to find me responsible for the charge. There is a failure to have reliable and relevant evidence that are based in fact and without prejudice. There is however, the complainant's own Facebook message records that shows she's lying. I realized that the complainant's [Redacted] but I put my trust into the college that it will take this case seriously and give me back my innocence.

Xiaolu Yu