# EXHIBIT D TO THE AFFIDAVIT OF CHRISTOPHER ROELLKE

**From:** **Redacted**
**Sent:** Friday, March 22, 2013 1:02 AM
**To:** Christopher Roellke
**Subject:** Counter Appeal
**Attachments:** CounterAppealLetter Redacted .docx

Dear Dean Roellke,
 Please find attached my letter of Counter Appeal.

Thank you,
**Redacted**

CONFIDENTIAL                                                                 VAS 00001299

To the College Regulation Appeals Committee,

The appellant has no grounds on which to appeal. The act of reporting this incident was long in the works. Initially, being embarrassed and ashamed of what happened, I tried to deal with the situation on my own, and did not seek out resources or support. I became first aware that I could report the rape and have it brought to a panel hearing at the college in the fall semester of 2012. I am the [Redacted] and at that time I was dealing with multiple issues [Redacted], which I put before my own personal needs. I also was afraid to report the incident, because I did not want my team to lose respect for me as a peer and leader, if they were to find out what had happened to me. I also feared rejection and loss of respect from my friends and family and a violent reaction from the offender. The offender took a leave from the team in the fall, this gave me a little distance from the incident though he was in one of my classes, so although I was still reminded of the wound three days a week in class, this gave me a little break from his constant presence on the team. At the beginning of this semester he returned to the team and ended up in one of my classes, this proved too much for me to handle. After recognizing how much of a toll this ordeal has taken on me, I talked with my assistant coach on Monday the 11th and finally reported it on February 16th.

1  In bullet point one the offender incorrectly stated that the victim was provided the evidence earlier than him. I was allowed to see the case file upon request on March 6th. It was available for the offender's viewing on that day as well, as it was available in the office. He would have been able to see it earlier then he did if he had asked. The offender also stated "the investigator failed to withhold important evidence that would prove my innocence, and provided it to the victim as soon as it was provided to him...allowing her to prepare for the hearing..." This is regarding the facebook messages the offender brought in as evidence. He had already seen them and therefore had a longer time to prepare for the hearing with regards to that set of evidence then the victim.

2  In bullet point two the offender states that he has the right to read all written statements of the witnesses, but he is unsure if the statements even exist as he is unsure if they are written, spoken, or emails. The offender also already asked about the written statements of the two witnesses and Mr. Horowitz replied that those witnesses did not provide written statements, but instead his case summary was based off the notes he and Ms. Squillace had taken while they interviewed the witnesses. The witnesses each gave oral statements at the hearing to the panel. These followed what was represented in the summary provided by Mr. Horowitz.  As to the additional witnesses, they are not required to come forward, furthermore, the title IX investigator's job is to condense the case and present all **relevant** information. The information gathered from these witnesses may not have been relevant.

VAS 00001300

3  In bullet point number three the offender states that the "investigation report was scant of factual evidence" The victim's statement was in actuality supported by two witnesses. And the offender's statement has no witness support. Many rape cases around the country are not reported immediately, thus having little physical evidence; in these, the Judge relies greatly on the statements of the victim, offender and witnesses in order to ascertain an understanding of the events and in order to make a judgment.

4  In bullet point number four the offender states that the investigator described the feelings of the victim in the written and oral statement. The act of rape is physical and emotional. The only way to determine what actually happened is to rely on the victim's statement and the statements of the three witnesses, which were consistent with the statement of the victim. The use of the emotions is completely valid because the victim's reactions to the rape and the rapist after the incident are key parts of the evidence against the offender. The panel had to decide if the victim was incapacitated, if the victim was in fact incapacitated then the victim **COULD NOT** have given consent.

5  In bullet point number six the offender states that it was unfair for the witness to bring up the additional unrelated sexual assault allegation against him as evidence. The inclusion of the additional sexual assault by the witness was brought forward and investigated by the investigator of the case. This was a relevant piece of evidence. A repeat offender is more likely to rape again. The history of sexual assault, even if the allegations were not brought forward before, are still valid allegations, there is no time limit on when one can file a complaint for a sexual assault case through the Vassar Regulations. The history of assault also was taken into account only the limits to which they were able to investigate. While it is valid to bring up the allegations, the panel and investigator did not necessarily take it as factual without others coming forward. In no way did they indicate that this was a factor in their decision.

6  In bullet point seven, the offender stated that the panel did not allow him to ask all relevant questions. The chairman of the hearing mediated the questions and determined what ones were relevant, which is his role according to hearing regulations. The offender's questions that were turned down by the chair were irrelevant and personal attacks. Furthermore the questions were personal questions that would not have disproved the victim's credibility.

7  In bullet point eight the offender states he has the right to unbiased panelists. This is a completely correct statement. He also states that the victim is[                Redacted                ], this is also correct. What he does not realize is that the panel is made up of three faculty members, and DB Brown is aware that I am [            Redacted            ], so he made sure there were no connections between [Redacted] and the panelists. [Redacted] had no knowledge that this hearing was even happening. [ Redacted ] I was in class that night. Regardless, I was accepted into Vassar College due to

my own abilities and performances, just as every student in the community. I am first and foremost a student member of the Vassar community, and am subject to the same regulations as all other students, regardless of [Redacted].

8  In bullet point nine the offender states he did not have adequate time to prepare for the hearing. The offender was informed of the date of the hearing over a week in advance, which is a standard amount of time by regulations. The case file was ready in the office on Wednesday before the trial; the Vassar regulations state that the victim and the offender are able to view the case file at least 24 hours before the panel. It was available 24 hours before.

9  In bullet point ten the offender states that he never received proof that the panel received annual sexual assault trainings. The panel does undergo annual sexual assault trainings. The panels' decision upholds the fact that they receive annual sexual misconduct training.

10 In bullet point eleven the offender states that there are two more witnesses that were "withheld". The offender also tries to bring in an additional witness. First, if this witness is so important then the offender is withholding information. Second, the reason for the case investigator is to investigate the case and gather all the information, and statements from the witnesses, offender, and victim and then compile all **relevant** information in to the case file. I know that the title IX investigator Rich Horowitz would not have left out **ANY** relevant information. But his job is to condense the case and present the **relevant** information to the panel, not periphery information that would have no effect on the outcome.

11 In the concluding paragraph the offender states: "I am deserving of special consideration due to exigent circumstances." The sanctions for a responsible finding of either; Discrimination and Harassment, Sexual Misconduct (5.05), and Sexual Offenses (20.01) range from suspension for a semester to expulsion from the college. The repercussion of immediate expulsion, no contact order with the victim and anyone involved in the panel, and ban from all Vassar facilities is by no means too drastic a repercussion for the charges the offender was found responsible of, as it is completely within guidelines outlined in the student handbook. The two charges the offended was found responsible for are serious, and punishable by prison time if tried in US legal court. The college has to make the best effort to keep the campus community as safe as possible, and removing this offender from the student body is the first step to making our campus a safer place. The previous sexual assault that was brought up should further confirm the panel's decision in expulsion because the college does not want a repeat sexual assault offender on this campus. I did not receive special consideration as [Redacted] [Redacted] I followed the procedure for reporting the incident all the way through to the hearing. I was not given special support in anyway or special consideration during to the hearing. The offender should not receive special consideration because he is an international

student.  Repercussions should be based on the actions that an individual is found responsible for, not on discriminatory factors such as gender, race, citizenship or personal affiliations. The offender was found to be responsible for a charge punishable by prison time. If this expulsion repercussion is lessened, I will suffer greatly from his presence on campus, and the knowledge that he is not facing the consequences of his actions. Others may suffer as well, as it will reinforce that he is able to continue acting in inappropriate ways with little negative personal effect. The panel has already decided that the offender is responsible for Discrimination and Harassment, Sexual Misconduct (5.05), and Sexual Offenses (20.01), and they have decided on an appropriate repercussion. The offender should serve the repercussion for the actions that he was found guilty of with no special consideration. It will make Vassar a safer community as a whole and give him an opportunity to learn from his actions, hopefully having a positive effect on him and his life in the long term, regardless of how inconvenient to him at the current time. I have reviewed the Offender's appeal multiple times and have found little validity in the document. I have found the document to be more filled with errors, slander and assumptions then truth. While I completely respect the offender's right to appeal I also respect the process and procedure of the campus. I trust that the panel will take in to consideration my ability and right to be safe on campus.

**Redacted**

VAS 00001303